MADJOROUS v. THE STATE OF OHIO.

*Criminal law—Court without inherent power to indefinitely suspend sentence—Intoxicating liquors—Statutory prohibition against remitting fines or suspending sentences, constitutional—Section 6212-17, General Code.*

1. In Ohio a trial court does not have inherent power in criminal cases to postpone indefinitely the execution of a sentence pronounced by such court; the power of such court, after sentence is pronounced, to suspend execution thereof, is incidental to a review of the judgment, or in execution of the probation statutes, and must be exercised within the limits and under the rules, regulations, and methods provided by the General Assembly.

2. Section 6212-17, General Code, as amended January 31, 1923 (110 Ohio Laws, p. 49), is not unconstitutional because it provides that no fine or part thereof imposed under the liquor laws shall be remitted, nor any sentence imposed under said laws be suspended, in whole or in part; said section as amended withdraws from the trial courts authority to suspend execution of sentence pronounced for the violation of certain laws, and in so doing it does not deprive the court of any of its inherent powers.

(Decided January 14, 1924.)

ERROR: Court of Appeals for Summit county.

*Mr. Jonathan Taylor* and *Mr. Robert C. Ryder,* for plaintiff in error.

*Mr. A. W. Doyle,* prosecuting attorney, and *Mr. A. C. Keeney,* for defendant in error.

PARDEE, J.   The plaintiff in error some time since was granted leave to file his petition in error in this court, which was accordingly done.   He was indicted by the grand jury of Summit county, at the September term, 1923, of the court of common pleas, for manufacturing intoxicating liquor in violation of Section 6212-15, General Code, as amended in January, 1923 (110 Ohio Laws, p. 49).   He was duly arraigned upon said indictment and entered a plea of not guilty.   Subsequently he was tried by a petit jury, and found guilty as charged in the indictment, and at a later date was sentenced to the state penitentiary to be imprisoned therein not less than one year nor more than five years, and that he pay a fine of $500 and costs.

The plaintiff in error claims that the statute under which he was convicted is illegal and void, because Section 6212-17, as amended, contains at its end the following language:   "No fine or part thereof imposed hereunder shall be remitted nor shall any sentence imposed hereunder be suspended in whole or in part thereof."   He further claims that this language "takes from the court its inherent power to control its own sentences and is an unwarranted encroachment upon the powers of the judiciary."

The plaintiff in error did not file a bill of exceptions in the trial court, and the transcript of the docket and journal entries shows the plaintiff, in

error did not make any objections of any kind to the indictment or file a motion for a new trial; but, waiving the question of whether the plaintiff in error under these circumstances waived his rights to present to this court for the first time the questions here involved, we will proceed to consider the same upon the merits.

The claim of the plaintiff in error that the part of the law hereinbefore quoted, if unconstitutional, would make the entire law unconstitutional and void, cannot be sustained. Assuming that the court did have inherent power to suspend the execution of the sentence theretofore imposed by said court, and that the language of the law hereinbefore quoted is invalid, still the remainder of the law would remain in full force and effect, because the controverted portion can be easily separated from the remainder of said statute and the court still suspend sentence if it so desired. *Schario* v. *State,* 105 Ohio St., 535, 138 N. E., 63.

But we do not believe that the part of said statute hereinbefore quoted is unconstitutional. The General Assembly of Ohio, in the exercise of its prerogatives, has passed laws permitting certain classes of offenders convicted of certain crimes to be released upon parole by the trial court under certain conditions. These laws have been in force in this state for many years and have been the subject of great abuse by the trial courts, with the result that many offenders have been paroled that the General Assembly never intended to have paroled; so the General Assembly, when it passed this amendment to the liquor laws, provided that those convicted under the sections here in question

should not have the benefit of the parole statutes of Ohio, and that the sentence pronounced should not be suspended.

We believe that this was a mere declaration of what the law always was before the passage of the parole acts by the General Assembly of this state, and when this law was passed it was not an encroachment upon the powers of the judiciary.

We are aware that this question has been before the United States Supreme Court and the courts of the several states of this country a great many times, and we believe that a great deal of the seeming confusion in the decisions has been brought about because of the failure to make the proper distinction between the suspending or postponing of the imposition of a sentence upon a prisoner, and the indefinite stay of execution of a sentence theretofore pronounced by the court. As we understand the law, it has always been conceded in this country that the trial court, in the exercise of its judicial discretion, had a right to postpone for a reasonable time the imposition of a sentence; and they also have been given the right to temporarily suspend the execution of a sentence already imposed, in order to give the accused an opportunity to have his case reviewed as provided by law. But we do not understand that a trial court has ever had the right to postpone indefinitely the execution of a sentence already imposed.

The plaintiff in error cites the case of *People ex rel. Forsyth* v. *Court of Sessions,* decided by the Court of Appeals of New York in 1894, and found in 141 N. Y., 288, 36 N. E., 386, 23 L. R. A., 856.

This case does not sustain his claim, as a care-

ful reading of the facts will disclose. The prisoner entered a plea of guilty to grand larceny. Three days afterwards he was brought before the court, where the county judge presiding sentenced him to imprisonment. The two justices of sessions dissented and announced that the judgment of the court was suspended. The defendant was remanded to the custody of the sheriff and imprisoned, but was later discharged on a writ of *habeas corpus,* on the ground that the sentence upon which he was held was illegal because it had not been concurred in by a majority of the court. He was afterwards brought before the Court of Sessions, with the result that no judgment and no sentence was imposed upon the accused, and the imposition of sentence was postponed. Afterwards, and before sentence was pronounced upon the accused, the Penal Code of the state of New York was amended, giving the trial court the right to suspend the imposition of a sentence under certain conditions, which were present in that case. It was therefore held in that case that the court had a right to suspend the imposition of a sentence; but that case is not authority for holding that a trial court has the inherent right to suspend or postpone the execution of a sentence theretofore imposed. The decisions citing this case as authority for postponing or suspending the execution of a sentence imposed fail to make the distinction, as hereinbefore pointed out, between the postponing of the imposition of a sentence and the staying or postponing of the execution of a sentence already imposed.

The Supreme Court of Ohio, in the case of *Weber* v. *State,* 58 Ohio St., 616, 51 N. E., 116, 41 L. R. A., 472, held as follows:

"In a criminal case the court has the power to suspend the execution of the sentence, in whole or in part, unless otherwise provided by statute; and has power to set aside such suspension at any time during the term of court at which sentence was passed. Whether such suspension can be set aside at a subsequent term is not decided."

And on page 619 (51 N. E., 117), the court, in its opinion, stated:

"The power to stay the execution of a sentence, in whole or in part, in a criminal case, is inherent in every court having final jurisdiction in such cases, unless otherwise provided by statute."

If the power of a court of final jurisdiction to suspend the execution of a sentence is inherent in the court, it is perfectly manifest that the law-making body of the state would not have a right to limit or abridge that power, and an attempt by the General Assembly to so limit the power of the court would be unconstitutional and void. So it seems to us that there is an apparent inconsistency in this decision.

The Supreme Court of this state, in a later case, in which there was no opinion, held, as nearly as we are able to learn, that the common pleas court of Summit county had the inherent power to suspend the execution of a sentence in a criminal case, but upon what ground the court reached that conclusion, unless it was upon the authority of the case of *Weber* v. *State, supra,* we are unable to determine.

We are fully aware that there are a great many cases cited in the books which seem to sustain the rule that the courts do have such inherent power,

and we have taken the time and the trouble to examine a great many of them, and in each and every instance we find the case not one suspending the execution of a judgment, but one temporarily postponing the imposition of the judgment.

In a recent case decided by the Supreme Court of the United States the late Chief Justice White in his opinion considered this so-called inherent power from its exercise in the common-law courts of England down to the time of the rendition of the decision. In that case it was expressly held that there is no such thing as the inherent power of the courts to suspend the execution of a sentence in a criminal case after its rendition. This case was one which arose in Toledo, Ohio, and is entitled *Ex Parte United States,* 242 U. S., 27, 37 S. Ct., 72, 61 L. Ed., 129, L. R. A., 1917E, 1178, Ann. Cas., 1917B, 355. The syllabus, as reported in 61 L. Ed., reads as follows:

"1. Mandamus is the proper remedy where a federal district court has exceeded its power by ordering that the execution of a sentence to imprisonment imposed by it upon a plea of guilty be suspended indefinitely during good behavior upon considerations wholly extraneous to the conviction.

"2. A rule to show cause why mandamus should not issue where a federal district court has exceeded its power by ordering that the execution of a sentence to imprisonment imposed by it upon a plea of guilty be suspended indefinitely during good behavior upon considerations wholly extraneous to the legality of the conviction is properly directed to the judge, to compel the vacation of the

order of suspension, rather than to the clerk of
the court, to compel him to issue a commitment.

"3.  A federal district court exceeds its power
by ordering that the execution of a sentence to im-
prisonment imposed by it upon a plea of guilty be
suspended indefinitely during good behavior upon
considerations wholly extraneous to the legality
of the conviction."

We are therefore unanimously of the opinion,
both upon principle and authority, that the courts
of this state do not have the inherent right to sus-
pend the execution of a sentence in a criminal
case, and that the only rights they do have to sus-
pend the execution of a sentence in a criminal case
are under the rules, regulations, and methods pro-
vided by the General Assembly.  When the Legis-
lature provided, as it did in this law, that the
courts in certain liquor cases should not have the
right to suspend the execution of a sentence, it
enacted it for the purpose of taking that right
away, if the right would have otherwise existed
under the general parole statutes of the state.

The practice which has grown up among the
trial courts of this state of remitting parts of fines
which have been imposed, or permitting the accused
to serve less time than provided by law and the
sentence of the court, or even serve none at all,
and the practice often indulged of requiring the de-
fendant upon conviction to pay certain amounts
to individuals or benevolent institutions (this con-
stituting a misappropriation of public funds), are
all illegal, contrary to sound public policy, and
inimical to the public good.  These practices also
are a reflection upon the integrity of the courts,

create a distrust in the minds of the people, establish a lack of uniformity throughout the state in the imposition of sentences for the same offense, and tend to break down the respect which the offenders and the public have for the courts and for the administration of justice.

The plaintiff in error also contends that the law in question is unconstitutional for other reasons, but we do not find any merit in these contentions.

For the reasons stated, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

FUNK, P. J., and WASHBURN, J., concur.