CITY OF LAKEWOOD, APPELLEE, *v.* DAVIES, APPELLANT.

(No. 51946—Decided April 6, 1987.)

*Michael Murman,* city prosecutor, for appellee.

*John J. Sheehan, Jr.,* for appellant.

DAVID T. MATIA, J. Defendant-appellant, Timothy P. Davies, appeals from the judgment of the Lakewood Municipal Court which ordered the appellant to surrender himself to the Lakewood Jail and to serve a jail sentence of twenty-five days at the Cleveland House of Correction.

On June 22, 1984, a complaint was individually filed by Detective Robert M. Holmok of the Lakewood Police Department. Said complaint charged the appellant with a violation of Section 533.07 of the Lakewood Codified Ordinances, public indecency. On July 10, 1984, the appellant pled guilty to the charge of public indecency with sentencing deferred upon referral of the appellant to the Lakewood Probation Department for a presentence report. In mid-August 1984, the trial court sentenced the appellant to thirty days in jail and imposed a fine of $250 plus court costs. The trial court then suspended twenty-five days of the jail sentence until further order of the court and additionally ordered the appellant to obtain psychological evaluation at his own expense. The appellant was further placed on inactive probation for one year.

Approximately sixteen months after sentencing, and four and one-half months after the conclusion of defendant's inactive probation, the trial court, on January 14, 1986, forwarded a notice of hearing on execution of sentence of the suspended twenty-five-day jail term to the appellant. Apparently, the appellant had moved to a new address and delivery of the notice of hearing was not made and thus the appellant did not appear for the execution-of-sentence hearing scheduled for February 5, 1986. A warrant for appellant's arrest was issued by the trial court on February 6, 1986 with appellant being arrested on or about February 24, 1986. Upon denial of appellant's motion in mitigation, the trial court on April 14, 1986 imposed the original sentence and ordered the appellant to serve the balance of his jail sentence at the Cleveland House of Correction.

Thereafter, appellant appealed from the judgment of the trial court which ordered execution of the sentence originally imposed and suspended on August 28, 1984.

Having a common basis in law and fact, the appellant's two assignments of error will be considered simultaneously. Therefore, the appellant's assignments of error are:

"The city of Lakewood violated the defendant's rights under the state of Ohio's and United States' Constitutions by having the defendant incarcerated after the expiration of his sentence."

"The trial court lacked jurisdiction to order the incarceration of the defendant more than one (1) year after the defendant had completed the one (1) year term of inactive probation."

Appellant, through his assignments of error, alleges that the trial court did not possess the necessary jurisdiction to execute the original suspended sentence of August 28, 1984 once the appellant's probationary period had run and the mandatory conditions imposed by the trial court had been fulfilled.

Ohio case law holds that in the absence of statutory authorization, a trial court has no inherent power to suspend or cancel all or part of a sentence for an indefinite period of time. *Municipal Court of Toledo* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1; *State, ex rel. Gordon,* v. *Zangerle* (1940), 136 Ohio St. 371, 16 O.O. 536, 26 N.E. 2d 190; *Madjorous* v. *State* (1924), 24 Ohio App. 146, 156 N.E. 916, affirmed (1925), 113 Ohio St. 427, 149 N.E. 393.

"We are therefore unanimously of the opinion, both upon principle and authority, that the courts of this state do not have the inherent right to suspend the execution of a sentence in a criminal case, and that the only rights they do have to suspend the execution of a sentence in a criminal case are under the rules, regulations, and methods provided by the General Assembly. * * *" *Madjorous* v. *State, supra,* at 153, 156 N.E. at 918.

The basis for this lack of inherent power on the part of a trial court is that "to permit a court to suspend execution of its sentence indefinitely would create a government of men not of law, place the accused at the caprice of the judge, and lead to abuse, or otherwise adversely affect the judicial system." Annotation (1976), 73 A.L.R. 3d 474, 486, Section 4[a].

The Ohio Legislature, however, through R.C. Title 29, crimes—procedure, has granted the trial courts the authority to suspend an imposed sentence in a limited manner and only upon strict adherence to the mandates as established in R.C. Chapter 2929, penalties and sentencing, and R.C. Chapter 2951, probation.

R.C. 2929.51(D) provides that:

"(D) At the time of sentencing and after sentencing, when imprisonment for misdemeanor is imposed, the court may:

"(1) Suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code;

"(2) Suspend the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate;

"(3) Permit the offender to serve his sentence in intermittent confinement, overnight, or on weekends, or both, or at any other time or times that will allow him to continue at his occupation or care for his family;

"(4) Require the offender to serve a portion of his sentence, which may be served in intermittent confinement, and suspend the balance of the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate or

suspend the balance of the sentence, and place the offender on probation pursuant to section 2951.02 of the Revised Code."

R.C. 2951.02, which deals with the criteria for granting probation, provides that, at a minimum, the offender shall abide by the law and not leave the state of Ohio without the court's permission. The trial court is further empowered to impose additional requirements upon the offender.

R.C. 2951.02(C) states that:

"When an offender is placed on probation or his sentence is otherwise suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code, the probation or other suspension shall be at least on condition that, during the period of probation or other suspension, he shall abide by the law and not leave the state without the permission of the court or his probation officer. In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, including, but not limited to, requiring the offender to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension."

The ability of the trial court to impose additional requirements on the offender as a part of probation, however, does not permit the trial court to impose additional probation requirements which prejudice the appellant or have no basis in law:

"In exercising a recognized broad discretion in setting additional conditions of probation, the trial court is not free to impose arbitrary conditions that significantly burden the defendant in the exercise of her liberty and bearing only a remote relationship to the crime for which she was convicted and to the objectives sought by probation of education and rehabilitation.

"The courts' discretion in dictating conditions of probation is not limitless. * * *" (Footnote omitted.) *State* v. *Livingston* (1976), 53 Ohio App. 2d 195, 196, 7 O.O. 3d 258, 258-259, 372 N.E. 2d 1335, 1337.

The trial court, in the case *sub judice,* sentenced the appellant on August 28, 1984 and stated that:

"To court for sentencing: $250 fine and $32 court costs; to be jailed for 30 days of which 25 days of jail sentence are suspended until further order of court; defendant shall obtain a psychological evaluation at his own expense and follow all recommendations set for [him] by psychologist and probation officer; inactive probation for one year."

An examination of the trial court's judgment of August 28, 1984 reveals that: (1) appellant was fined in the amount of $250 plus $32 in court costs; (2) the appellant was ordered to be jailed for a period of thirty days of which twenty-five days were suspended until further order of court; (3) the trial court imposed additional probationary requirements of a psychological examination of the appellant at his own costs and adherence of the appellant to the psychologist's recommendations; and (4) that the appellant's period of probation was for a period of *one* year.

The trial court was authorized by Section 533.07 of the Lakewood Codified Ordinances to sentence the appellant to a jail term of thirty days and to impose a monetary fine of $250. In addition, R.C. 2929.51 and 2951.02 authorized and allowed the trial court to place the appellant on probation. The trial court, however, was without au-

thority to suspend appellant's sentence indefinitely vis-a-vis the trial court's order that "* * * 25 days of jail sentence are suspended until further order of court * * *."

The trial court was without the inherent authority to suspend the appellant's jail sentence for an indefinite period of time. In addition, R.C. 2929.51 and 2951.02 make no provision for the indefinite suspension of the appellant's jail sentence. It must also be noted that R.C. 2951.09 (procedure against defendant) provides that the jurisdiction of the trial court to impose the original sentence comes to an end when the period of probation terminates. *State* v. *Simpson* (1981), 2 Ohio App. 3d 40, 2 OBR 44, 440 N.E. 2d 617.

R.C. 2951.09 states in pertinent part that:

"* * * At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases, and the defendant shall thereupon be discharged. * * *"

The trial court was without the inherent authority to indefinitely suspend the appellant's sentence. The appellant's probationary period was established by the trial court as running for a period of one year. The trial court did not possess the jurisdiction to order execution of appellant's original sentence. The trial court retained jurisdiction over the appellant only during the period of appellant's probation. In fact, execution of appellant's original sentence could only be had if the trial court conducted a probation violation hearing pursuant to R.C. 2951.09 and further determined that there existed probable cause to believe that the conditions of appellant's probation had been violated.

Therefore, appellant's assignments of error are well-taken and, accordingly, we reverse the judgment of the trial court. The sentence imposed upon the appellant on April 14, 1986, by the Lakewood Municipal Court, is vacated and the appellant is ordered discharged.

The judgment of the trial court is reversed and the appellant is ordered discharged.

*Judgment reversed*
*and appellant discharged.*

ANN MCMANAMON, P.J., and KRUPANSKY, J., concur.