### Cleveland v. Rutley
*[Cite as 6 AOA 228]*

*Case No. 57234*
*Cuyahoga County, (8th)*
*Decided August 23, 1990*

*Patricia A. Blackman, Prosecutor, Richard A. Kray, Assistant, Justice Center, 8th Floor, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Jonathan N. Garver, Attorney at Law, 1404 East Ninth Street, Suite 300, Cleveland, Ohio 44114, for Defendant-Appellant.*

SWEENEY, P.J.
Defendant-appellant Roosevelt Rutley was found guilty in a Cleveland Municipal Court of driving while under the influence of alcohol (Cleveland Cod. Ord. Sec. 433.01) and failing to control his motor vehicle [Cleveland Cod. Ord. Sec. 431.34(A)] after his plea of no contest to these charges. The court sentenced appellant to one hundred eighty days in jail, but suspended one hundred sixty of the days. The court also fined him one thousand dollars and costs, suspended five hundred dollars of the fine, required appellant to serve two years probation, and suspended his driving privileges indefinitely. On the charge of failing to control his motor vehicle, the court imposed a one hundred dollar fine and costs.

Appellant filed a motion to reduce sentence and a hearing was subsequently held on February 8, 1989. The court granted appellant's motion and changed his indefinite suspension to a six-month suspension and ordered appellant to maintain proof of financial responsibility for ten years.

Appellant now timely appeals the portion of the trial court's sentence requiring him to maintain proof of financial responsibility for ten years. For the following reasons, we reverse and vacate the portion of the trial court's judgment entry requiring appellant maintain proof of financial responsibility for ten years and modify the sentence to require appellant to maintain proof of financial responsibility, as a condition of probation, for two years.

### I
THE TRIAL COURT EXCEEDED ITS AUTHORITY UNDER THE LAW BY RE-QUIRING APPELLANT TO MAINTAIN PROOF OF FINANCIAL RESPONSIBILITY INSURANCE FOR TEN (10) YEARS.

Appellant contends the trial court erred in requiring he maintain proof of financial responsibility for a period of ten years. We agree.

Codified Ordinance of Cleveland Section 403.9(a)(2)(A) lists the minimums for sentencing under the traffic code, but also states, "The Court may impose any other conditions of probation on the offender that it considers necessary."

R.C. 2951.09 states, in pertinent part, "At the end or termination of the period of probation, the jurisdiction of the judge or magistrate ceases,

and the defendant shall be thereupon discharged." Thus, the trial court retains jurisdiction over the appellant only during the period of appellant's probation. *Lakewood v. Davies* (1987), 35 Ohio App. 3d 107.

In the present case, the court has required appellant to serve two year of probation. Pursuant to Section 403.9(a)(2)(A), the court was permitted to require that appellant maintain proof of financial responsibility as a condition of his probation. By its terms, however, this section limits the court to impose this condition only during the probation period.

The court's jurisdiction over appellant will end when the two-year probation period terminates. *Lakewood, supra.* Thus, when the probation ends, the required condition cannot be enforced by the court.

Therefore, we conclude that the court did not have authority to require appellant to maintain proof of financial responsibility beyond the two-year period of appellant's probation.

Appellant's assignment of error is well taken and, accordingly, we reverse and remand for re-sentencing consistent with this opinion.

## II.

THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS OF LAW BY VINDICTIVELY REQUIRING APPELLANT TO MAINTAIN PROOF OF FINANCIAL RESPONSIBILITY FOR A PERIOD OF TEN (10) YEARS AFTER APPELLANT SUCCESSFULLY CHALLENGED THE INDEFINITE SUSPENSION OF HIS DRIVING PRIVILEGES IMPOSED BY THE TRIAL COURT.

Appellant contends the court violated his due process rights by modifying appellant's sentence to require he maintain proof of financial responsibility only in retaliation against appellant for challenging the indefinite suspension of his driving privileges. We disagree.

First, this is not a situation where the court imposed a more severe sentence after a new trial. Thus, appellant's reliance on the holding in *North Carolina v. Pierce* (1969), 395 U.S. 711, is misplaced.

Second, a trial court may, in its sound discretion, amend its sentence at any time before the execution of the sentence is commenced. *State v. Sweeney* (Apr. 1, 1982), Cuyahoga App. No. 43810, unreported.

At a hearing on appellant's motion to reduce the sentence, the court in the present case changed an indefinite suspension to a six-month suspension and required appellant maintain proof of financial responsibility for ten years. Generally, the court of appeals will not reverse the trial court's exercise of discretion in sentencing so long as the sentence is within statutory limits. *State v. Cole* (1982), 8 Ohio App. 3d 416. As previously stated in Assignment of Error I, we modified the court's sentence so that it is within the statutory limits. As to appellant's claim that the court only imposed the additional penalty in retaliation, this is not evident upon a review of the record. Thus, we find the court did not abuse its discretion in modifying the sentence.

Assignment of Error II is overruled.

Judgment reversed, in part, for re-sentencing consistent with this opinion.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

CARDINAL, J., concurs.

PRYATEL, J., dissents. (See attached opinion.)

Sitting by Assignment: August Pryatel, retired judge of the Eighth District Court of Appeals; John G. Cardinal, judge of the Ashtabula County Court of Common Pleas.

PRYATEL, J., dissenting.

I agree with the majority that the trial court did err in requiring the appellant to maintain proof of financial responsibility for a period of ten years. However, I disagree with this court's finding that a two-year period of probation restricted the requirement of maintaining proof of financial responsibility as mandated by R.C. 4507.022 and R.C. 4509.45.

R.C. 4507.16, which deals with the suspension or revocation of a driver's license, provides that a driver who has been convicted of a municipal ordinance relating to the operation of a motor vehicle while under the influence of alcohol shall have his license suspended for a period of sixty days. R.C. 4507.022, which defines the terms and conditions for the return of full driving privileges after suspension, requires proof of financial responsibility in accordance with R.C. 4509.45.

Finally, R.C. 4509.45 requires that proof of financial responsibility must be filed and maintained by the suspended driver for a period of three years from the date of suspension. Thus, regardless of the appellant's term of probation, the appellant was required to maintain proof of financial responsibility for a period of three years.