OPINION
Defendant-appellant James J. Morrow appeals the Journal Entry of the Morrow County Court of Common Pleas which found him in violation of the terms and conditions of his probation, and ordered his probationary status revoked and his original sentence reinstated. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 31, 1989, appellant entered a plea of guilty to one count of burglary and one count of theft. The trial court sentenced appellant to a term of four to fifteen years on the burglary charge and a definite term of one year on the theft charge. The trial court ordered the terms to run concurrently.
On June 19, 1990, the trial court granted appellant's Motion for Probation and placed appellant on probation for a period of three years, subject to the supervision of the Ohio Adult Parole Authority/Probation Development Section, and certain terms and conditions. The probation period was scheduled to expire on June 19, 1993.
On May 19, 1993, the State filed a motion seeking an order tolling appellant's probation period. The State also asked the trial court to issue a warrant for appellant's arrest. The State asserted, "The basis for this motion is that the Defendant-Probationer [sic] whereabouts and employment are currently unknown." See, May 19, 1993 Motion. Via Journal Entry dated May 21, 1993, the trial court ordered appellant's period of probation tolled. The trial court also ordered the Clerk of Courts to issue a warrant for appellant's arrest. Thereafter, on June 16, 1993, the trial court filed a Journal Entry withdrawing the capias. The entry noted, "the Defendant's Attorney has been in contact with the Parole/Probation Officer, Velda Montgomery, and arranged an appointment for June 14th, 1993."
The record is devoid of any activity on this case until April 19, 1994, when the State filed a Motion to Revoke Probation. The motion alleged appellant was in violation of the terms and conditions of his probation because firearms and drug paraphernalia were found during a search of appellant's Delaware County residence on January 7, 1994. On May 13, 1994, appellant filed a motion to dismiss asserting the trial court was without jurisdiction to hear the matter.
At the probable cause hearing on May 13, 1994, appellant waived the requirement that the State establish probable cause. The trial court granted the State fourteen days from the date of the hearing in which to file a memorandum in opposition to appellant's motion to dismiss. The trial court also granted appellant seven days from the filing of the State's opposition brief in which to file a reply brief.
Via Journal Entry dated July 5, 1994, the trial court memorialized the following stipulation:
 The parties hereby stipulate that the Court order dated June 16, 1993, effectively tolled the probationary period of the Defendant and said tolling has continued despite the Defendant's arrest and apprehension in Delaware County on other charges and despite the fact the Defendant did report to the probation officer after the filing of the Order tolling Defendant's Probation. The Defendant's probation shall continue to be tolled pending this release from the state penitentiary where he is serving sentences from Delaware County cases. The Defendant's probationary period shall be extended for two years to the maximum of five years.
(Emphasis added).
In February, 1996, appellant was released from the State penitentiary. In March, 1996, Morrow County transferred supervision of appellant's probation to Delaware County.
On February 25, 1997, the State again filed a Motion to Revoke Probation. The motion enumerated four (4) probation violations: 1) on or about January 15, 1997, appellant was convicted of theft in Delaware County; 2) on or about November 7, 1996, appellant left the State without the permission from his probation officer; 3) on or about August 30, 1997, appellant changed his place of residence without permission from his probation officer; and 4) appellant failed to report to his probation officer between June 19, 1996, and February 5, 1997.See, Motion to Revoke Probation, Feb. 25, 1997.
On March 28, 1997, the trial court held a probable cause hearing. At the hearing, appellant requested a court-appointed attorney to represent him. Although the trial court appointed an attorney to represent appellant at the subsequent revocation hearing, the court proceeded with the probable cause hearing without appointing counsel for appellant. Via Journal Entry dated April 14, 1997, the trial court found probable cause existed to establish appellant had violated the terms of his probation and scheduled a merit hearing for April 22, 1997.
Prior to the commencement of the revocation hearing on April 22, 1997, Attorney Earl W. Bennet, appellant's appointed counsel, objected to the proceeding arguing the trial court did not have jurisdiction. The trial court overruled the objection and proceeded with the hearing. At the close of evidence, the trial court found appellant had violated the conditions of his probation as set forth in the State's February 25, 1997 motion to revoke. Thereafter, the trial court reinstated the original sentence. This ruling was memorialized in a Journal Entry dated May 2, 1997.
It is from this journal entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT DENIED APPELLANT HIS RIGHT TO COUNSEL IN IGNORING HIS REQUEST FOR COUNSEL AT THE PRELIMINARY HEARING AND DENIED HIM DUE PROCESS IN PROCEEDING WITH THE HEARING ALTHOUGH APPELLANT HAD NOT BEEN SERVED WITH A COPY OF THE CHARGES PRIOR TO SAID HEARING AND DENYING HIM THE RIGHT TO CONFRONTATION. (3/28/98 TR.1, 6)
 II. THE STATE FAILED TO APPRISE APPELLANT, PRIOR TO THE FINAL REVOCATION HEARING, OF THE EVIDENCE TO BE PRESENTED AGAINST HIM.
 III. THE TRIAL COURT WAS WITHOUT JURISDICTION TO IMPOSE THE SENTENCE AS THE PROBATIONARY PERIOD HAD EXPIRED AND THE STIPULATION OF THE PARTIES COULD NOT CONFER THE COURT WITH SUBJECT MATTER JURISDICTION. (4/22/97 TR. 5, 5/19/93 ENTRY, 6/13/93 ENTRY, 4/13/94 ENTRY, 7/5/94 ENTRY)
 IV. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS. (4/22/97 TRANSCRIPT)
 V. THE EVIDENCE FAILED TO SUPPORT THE ALLEGED VIOLATIONS AND THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S PROBATION. (4/22/97 TRANSCRIPT)
 III
Because we find appellant's third assignment of error to be dispositive of the instant appeal, we shall address said assignment first.
Herein, appellant contends the trial court was without jurisdiction to impose the original sentence. Appellant explains his probation period had expired before the filing of the April 19, 1994 Motion to Revoke, and the July 5, 1994 stipulation by the parties could not confer the trial court with subject matter jurisdiction.
Pursuant to R.C. 2951.09, the jurisdiction of the trial court to impose sentence ceases at the end or termination of a period of probation. Accord, State v. Jackson (1995), 106 Ohio App.3d 345;Lakewood v. Davies (1987), 35 Ohio App.3d 107. However, the trial court may retain jurisdiction if the probation period is extended, see, R.C. 2951.09, or if the probation period is tolled.See, R.C. 2951.07.
The issue in the case sub judice is whether appellant's probation period continued to be tolled after June 16, 1993, when the trial court withdrew the capias, and; therefore, whether the trial court still retained jurisdiction when it issued its July 5, 1994 Journal Entry.
R.C. 2951.07 provides, in pertinent part:
 If the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action.
(Emphasis added).
Via motion filed May 19, 1993, the State sought an order tolling appellant's probation period and requested a warrant be issued for appellant's arrest. In the motion, the State alleged appellant's whereabouts and employment were "currently unknown." Via Judgment Entry dated May 21, 1993, the trial court tolled appellant's probation period and ordered the Clerk of Courts to issue a warrant for his arrest. Subsequently, on June 16, 1993, the trial court withdrew the capias finding appellant's counsel had been in contact with the Parole/Probation Officer and had arranged an appointment for appellant. The record is devoid of any action taken by the trial court thereafter which indicates the court's intention regarding the continued tolling of appellant's probation period.
Pursuant to R.C. 2951.07, a probation period, which has been tolled, commences to run at "such time as the probationer is brought before the court for its further action." The mechanism by which a defendant is brought before a court is a capias. Herein, the trial court canceled the capias on June 16, 1993. We find this action was tantamount to finding appellant had appeared before the court. The canceling of the capias implies appellant's whereabouts were no longer "unknown". In fact, in the July 5, 1994 Journal Entry, the trial court confirmed "the Defendant did report to the probation officer after the filing of the Order tolling Defendant's probation." We find the legal effect of withdrawing the capias was the recommencement of the probation period. Accordingly, appellant's probation period resumed on June 16, 1993, with the canceling of the capias, unless the trial court had other reasons to continue to toll the probation period.
Since appellant could no longer be considered an absconder, the only other reason for which the trial court could toll the probation period would be if appellant was "confined in any institution for the commission of any offense." Although appellant was arrested on felony charges in Delaware County, the events surrounding said arrest occurred in January, 1994. Therefore, the incarceration resulting from this arrest could not be a basis upon which the trial court could continue to toll appellant's probation period in June, 1993.
Since the trial court had no reason to continue to toll the probation period once appellant's whereabouts became known in June, 1993, the probation period reconvened upon the withdrawal of the capias on June 16, 1993. When the State filed its motion to revoke on April 13, 1994, which was based upon the arrest in Delaware County in January, 1994, the trial court did not have jurisdiction to impose appellant's original sentence as the original three year probation period expired on or about July 16, 1993. Since the trial court did not have subject matter jurisdiction after July 16, 1993, when the probation period terminated, we find the July 5, 1994 stipulation is void.
The trial court did not rule on appellant's May 13, 1994 motion to dismiss due to lack of jurisdiction and appellant did not appeal from the July 5, 1994 Journal Entry. However, appellant has not waived his right to assert error regarding jurisdiction. The question of whether a court has subject matter jurisdiction cannot be waived and; therefore, can be raised on appeal. State ex rel. White v. Cuyahoga Metro Hous. Auth. (1997),79 Ohio St.3d 543.
Based upon the foregoing reasons, we find the trial court did not have jurisdiction to impose appellant's original sentence and, accordingly, we reverse the trial court's reinstatement of appellant's original sentence.
Appellant's third assignment of error is sustained.
 I, II, IV V
In light of our disposition of assignment of error three, we find assignments of error one, two, four, and five to be moot.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the May 2, 1997 Journal Entry of the Morrow County Court of Common Pleas is reversed. Costs assessed to appellee.