OPINION
{¶ 1} Appellant Shannon Dearth appeals the decision of the Court of Common Pleas, Fairfield County, which extended her probation stemming from a 1999 conviction and sentence for marihuana trafficking. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 29, 1999, appellant was placed on community control, subject to terms, for three years after pleading guilty to one count of trafficking in marihuana, a felony of the fifth degree. On May 14, 2001, the state filed a motion to revoke community control, alleging that appellant had violated the terms thereof. Following a continuance for appellant to obtain counsel, a hearing was held on October 22, 2001, at which time appellant's probation officer and chemical dependency counselor testified, as well as a caseworker from Fairfield County Children's Services. In a journal entry filed October 26, 2001, the court found that there was reasonable cause to believe that appellant had violated the terms of her community control; however, the court indicated it would take the matter under advisement for a period of ninety days before imposing a sentence or sanctions.
 {¶ 3} On January 29, 2002,[1] the trial court filed a signed judgment entry encaptioned "Termination of Probation Restoration of Rights." It also contains an approval signature by John Baus, a probation officer. Below the judge's signature line is the following handwritten notation: "Prepare entry! She was still on probation since motion to revoke pending." On January 31, 2002, the trial court filed an entry encaptioned "Vacation of Termination of Probation," indicating that appellant was to remain on probation until further order of the court. On February 1, 2002, the trial court issued a judgment entry stemming from the October 2001 hearing on the state's motion to revoke. The court therein ordered that appellant's community control would be extended for an additional year.
 {¶ 4} Appellant timely appealed and herein raises the following three Assignments of Error:
 {¶ 5} "I. The trial court erred to defendant's prejudice when it attempted to extend defendant's community control after terminating it.
 {¶ 6} "II. The trial court erred to defendant's prejudice by imposing two punishments for the same offense, in violation of theFifth Amendment to the U.S. Constitution and Section 10, Article One of the Ohio Constitution, by imposing an extension of defendant's community control after terminating her community control and discharging her.
 {¶ 7} "III. The trial court denied defendant due process by deciding disposition of the probation violation charges against her on the basis of evidence received in camera without giving defendant an opportunity to confront the witnesses against her or to be apprised of the evidence against her."
 I. {¶ 8} In her First Assignment of Error, appellant argues that the trial court erred by extending community control sanctions when it had terminated probation via the judgment entry of January 29, 2002. We disagree.
 {¶ 9} Appellant's argument is straightforward: A community control revocation hearing and a probation revocation hearing are analogous. See, e.g., State v. Keener (June 9, 1999), Wayne App. No. 98CA0036. Upon termination of a probation, a court no longer has jurisdiction to impose sentence and the defendant must be discharged. City of Lakewood v.Davies (1987), 35 Ohio App.3d 107. See also R.C. 2951.09. Therefore, appellant argues, once the court journalized to its "termination of probation" entry on January 29, 2002, it no longer had jurisdiction to impose any further sentence on appellant.
 {¶ 10} However, appellant's position ignores the language of Crim.R. 36, which reads as follows: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." For example, a nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentences the trial court actually imposed on a defendant at a sentencing hearing and does not constitute an increase of the sentence. See State v. Stevens (Aug. 2, 1995), Summit No. 16998, unreported; Dean v. Maxwell (1963), 174 Ohio St. 193, 187 N.E.2d 884. In the "vacation" entry of January 31, 2002, the trial court specifically ruled "[i]t appearing to the court that the previous motion to revoke the defendants (sic) probation was still pending; that the court has not ruled on that pending motion to revoke * * * [therefore] it is ordered * * * [that] the defendant still remains on probation * * *."
 {¶ 11} In addressing Fed.R.Crim.P. 36, which is quite similar to Ohio's Crim.R. 36, the Sixth Circuit Court of Appeals has held that the question of whether the trial court corrected its record in compliance with the rule should be reviewed under a "clearly erroneous" standard. See U.S. v. Coleman (C.A. 6, 1999), 229 F.3d 1154, (unpublished opinion), 2000 WL 1182476, citing United States v. Dickie (C.A. 9, 1985),752 F.2d 1398, 1400. In the case sub judice, the error was corrected within two days, with no indication of any events which might have precipitated a termination of probation, other than mere oversight. Upon review of the record in the case sub judice and the aforecited language of the judgment entry of vacation, we are unpersuaded that the trial court was clearly erroneous in correcting a mistake based on oversight concerning appellant's community control status.
 {¶ 12} Appellant's First Assignment of Error is overruled.
 II. {¶ 13} In her Second Assignment of Error, appellant argues that the imposition of an additional year of community control violated her protection from double jeopardy. We disagree.
 {¶ 14} R.C. 2929.15(B) permits a court to extend community control sanctions if the conditions of community control are violated, and the court makes a finding to that effect. Furthermore, this Court has previously held that a defendant's constitutional right to be free from double jeopardy was not violated by a nunc pro tunc entry which merely corrected a judgment entry to correspond to the sentence imposed at the sentencing hearing. See State v. Francis (Jan. 25, 2000), Guernsey App. No. 98CA13. The trial court in the case sub judice found in its entry of October 26, 2001, that there was reasonable cause to believe appellant had violated her community control terms. The court then took the matter of imposition under advisement. We hold the court's subsequent decision on February 1, 2002 to extend community control was a legitimate exercise of its authority under R.C. 2929.15(B), and as we have found no error in the court's Crim.R. 36 correction of the mistaken termination of probation, we find no reasonable basis for appellant's double jeopardy claim.
 {¶ 15} Appellant's Third Assignment of Error is therefore overruled.
 III. {¶ 16} In her Third Assignment of Error, appellant argues that her right to due process was violated by the trial court's procedure at the October 2001 hearing, i.e., the taking under advisement the matter of community control revocation, pending further reports from appellant's chemical dependency and family services caseworkers. We disagree.
 {¶ 17} Our standard of review as to the assigned error is whether the trial court abused its discretion in revoking appellant's probation.State v. Theisen (1957), 167 Ohio St. 119, 146 N.E.2d 865. However, it is well-established that failure to raise objections to proceedings on constitutional grounds results in a waiver of such assignments of error. See State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277. The record reveals that appellant raised no objections to the trial court's utilization of an "under advisement" methodology. As such, we find appellant failed to preserve this issue for appeal. Accord In Matter ofRisch (Oct. 27, 1995), Greene App. No. 95CA15, citing Blausey v. Stein
(1980), 61 Ohio St.2d 264, 266-67 (appellant's failure to object to judge's decision to take issues of back support and medical expense reimbursement under advisement and to order each party to submit additional documentation held to be a waiver of appealing such procedure).
 {¶ 18} Appellant's Third Assignment of Error is overruled.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.
Topic: Community Control.
[1] The termination judgment entry in question has two file-stamped dates, January 29th and January 31st, the earlier of which is written over with a large "X." For clarity, however, we will utilize the January 29th date.