[Cite as *State v. Hanshaw*, 2011-Ohio-6539.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Willam B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11CAA010004 |
| RICHARD HANSHAW<br>AKA RICHARD ZIRN | |
| | O P I N I O N |
|     Defendant-Appellant | |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Common
Pleas Court, Case No. 10-CRI-02-0125

JUDGMENT:      Affirmed, in part; Reversed, in part; and
Remanded

DATE OF JUDGMENT ENTRY:      December 12, 2011

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

CAROL HAMILTON O'BRIEN          PHILLIP D. LEHMKUHL
Delaware County Prosecuting Attorney    101 North Mulberry Street
Mount Vernon, Ohio 43050

DOUGLAS DUMOLT
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶ 1} Defendant-appellant Richard Hanshaw, aka Richard Zirn, appeals his sentence entered by the Delaware County Court of Common Pleas for violation of R.C. 2919.21(B), nonsupport of dependents.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶ 2}  On November 4, 2010, following a jury trial, Appellant was found guilty of nonsupport of dependents, in violation of R.C. 2919.21(B).  On November 10, 2010, the trial court accepted the verdict and entered judgment on the verdict.  On December 15, 2010, via Judgment Entry of Sentence, the trial court sentenced Appellant.  On February 3, 2011, the trial court modified Appellant's sentence reducing the sentence imposed from ten days per month to six days per month to be served in two three-day periods in jail.  No other term of the original sentence was altered.

{¶ 3}  On January 13, 2011, Appellant filed a notice of appeal from the trial court's December 15, 2010 Judgment Entry, assigning as error:

{¶ 4}  "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A CONDITION OF COMMUNITY CONTROL WHICH PROHIBITED THE DEFENDANT-APPELLANT FROM PURCHASING ALCOHOLIC BEVERAGES OR ENTERING ANY PUBLIC OR PRIVATE BUSINESS ESTABLISHMENTS WHERE ALCOHOLIC BEVERAGES ARE SOLD OR CONSUMED, WITH THE EXCEPTION OF GROCERY STORES OR RESTAURANTS.

{¶ 5}  "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A CONDITION OF COMMUNITY CONTROL WHICH PROHIBITED DEFENDANT-APPELLANT FROM FILLING ANY PRESCRIPTION FOR A CONTROLLED SUBSTANCE, AS DEFINED IN

SECTION 3719.01(D) OF THE OHIO REVISED CODE, UNLESS SAID PRESCRIPTION DRUG WAS PRE-APPROVED BY HIS PROBATION OFFICER.

{¶ 6} "III. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT, VIA THE MODIFIED SENTENCING ENTRY OF FEBRUARY 4, 2011 TO SERVE THREE DAYS IN JAIL TWICE PER MONTH IF HE FAILED TO PAY CHILD SUPPORT AND COURT COSTS DURING THE PRECEDING MONTH, ($345.00) GIVEN THE STATUS OF THE DEFENDANT-APPELLANT AS AN UNEMPLOYED, INDIGENT DEFENDANT WHO SUFFERS FROM SERIOUS HEALTH AFFLICATIONS."

I. and II.

{¶ 7} In the first and second assignments of error, Appellant appeals those portions of the December 15, 2010 sentencing entry imposing the following conditions upon Appellant's community control:

{¶ 8} "5. The defendant shall not purchase alcoholic beverages nor enter any public or private business establishment, where alcoholic beverages are sold or consumed, with the exception of grocery stores or restaurants.

{¶ 9} "6. The defendant shall not consume or possess any controlled substance as defined by Section 3719.01(D) of the Ohio Revised code.  The defendant shall provide all prescriptions to his probation officer for pre-approval before filling."

{¶ 10} Appellant asserts the restrictions do not serve any rehabilitative purpose, as neither alcohol nor prescription drugs played a role in the criminal conduct for which he is convicted.

{¶ 11} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides "* * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." The courts' discretion in imposing conditions of probation is not limitless. See *State v. Livingston* (1976), 53 Ohio App.2d 195, 196-197, 7 O.O.3d 258, 259, 372 N.E.2d 1335, 1337, citing *United States v. Strada* (D.C.Mo.1974), 393 F.Supp. 19; *People v. Dominguez* (1967), 256 Cal.App.2d 623, 64 Cal.Rptr. 290; *Williams v. State* (Tex.Crim.App.1975), 523 S.W.2d 953; see, also, *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860, paragraph two of the syllabus. Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. See *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409.

{¶ 12} In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. See, *e.g., United States v. Tolla* (C.A.2, 1986), 781 F.2d 29, 32-33; *State v. Maynard, supra,* at paragraph two of the syllabus; *State v. Livingston, supra; Howland v. Florida* (Fla.App.1982), 420 So.2d 918, 919; *Rodriguez v. Florida* (Fla.App.1979), 378 So.2d 7; *Nitz v. State* (Alaska App.1987), 745 P.2d 1379.

{¶ 13} In *State v. Hicks*, 1999 Ohio 916, the Third District Court of Appeals held:

{¶ 14} "The court's discretion in imposing conditions of probation is not without limit. *State v. Livingston* (1976), 53 Ohio App.2d 195, 372 N.E.2d 1335. The conditions imposed by the trial court cannot be so overly broad as to impinge on the constitutional rights of the probationer. *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409.

{¶ 15} "To determine if the trial court has indeed abused its discretion the appellate courts should consider whether the condition has a relationship to the crime for which the offender was convicted, whether the condition relates to conduct which is not in itself criminal and whether the condition requires or forbids conduct which is not reasonably related to future criminality or does not serve the statutory ends of probation. *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469; *State v. Livingston* (1976), 53 Ohio App.2d 195, 372 N.E.2d 1335.

{¶ 16} "The record reveals that Hicks was convicted of aggravated assault. Therefore we consider whether or not the challenged condition of probation is related to the crime of aggravated assault. The record before this court does not disclose any reason why Hicks' hairstyle or body artistry might possibly be related to his crime of aggravated assault. In fact, all the record does disclose is that Hicks acted upon an emotional misunderstanding with his sister.

{¶ 17} "The state suggests, however, that hairstyle and body artistry are indeed related to the crime of aggravated assault. For '[i]t is well known that tattoos and body piercing are obtained by adult males for purposes of making themselves appear macho and fierce looking.' We cannot take judicial notice of such a speculative and tenuous connection of cause and effect, however. Thus, we have no basis for holding that Hicks'

crime of aggravated assault is in anyway related to the condition of his probation requiring approval from his probation officer regarding hairstyle and body artistry.

{¶ 18} "The state has failed to provide evidence in the record connecting the crime of aggravated assault to the challenged probation condition and none is self-evident. Therefore, we conclude that the trial court abused its discretion by imposing this probation condition upon Hicks. Appellant's Assignment of Error No. 1 is sustained."

{¶ 19} Appellant herein argues the conditions imposed as part of his probation do not "rationally relate" to his crime of failure to pay child support, and are not reasonably related to future criminality.  We agree.

{¶ 20} While the purchase of alcohol (a non-essential, debatably luxury item) or abuse of controlled substances arguably may affect Appellant's ability to pay child support, we find the conditions are overly broad.  Appellant's inability to enter private establishments serving alcohol other than grocery stores and restaurants is overly broad, and may prohibit otherwise lawful activity.  Further, the condition requiring Appellant's probation officer to approve doctor prescriptions for controlled substances is improper.  We find those conditions are overly broad and restrictive beyond that which is reasonably related to the crime for which Appellant is charged or to future criminality.

{¶ 21} Appellant's first and second assignments of error are sustained, in part.

III.

{¶ 22} In the third assignment of error, Appellant argues the trial court erred in its February 4, 2011 entry modifying his sentence ordering Appellant to serve three days in jail twice per month, and in imposing court costs because Appellant suffered from a serious health condition.

**{¶ 23}** As set forth above, Appellant filed his notice of appeal in this Court from the trial court's December 15, 2010 Judgment Entry on January 13, 2011. Accordingly, the entry was filed by the trial court after Appellant's notice of appeal to this Court. Appellant's notice of appeal does not identify the February 4, 2011 entry as an entry being appealed from. Further, despite Appellant's mischaracterization of the entry as a nunc pro tunc, the entry is in fact a modification of Appellant's sentence.[1] Accordingly, we decline to review the merits of the argument raised.

**{¶ 24}** The judgment of the Delaware County Court of Common Pleas is affirmed, in part; reversed, in part; and remanded.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

---

[1] We question whether the trial court had jurisdiction to enter its February 4, 2011 entry during the pendency of the appeal, and also question, as does Appellee, the trial court's authority to change (modify) a sentence after entered.

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                :
                                             :
    Plaintiff-Appellee                   :
                                             :
-vs-                                         :        JUDGMENT ENTRY
                                             :
RICHARD HANSHAW                              :
AKA RICHARD ZIRN                             :
                                             :
    Defendant-Appellant                  :        Case No. 11CAA010004


For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed, in part; reversed, in part; and remanded for redetermination of Appellant's community control conditions.  Costs waived.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS