The STATE of Ohio, Appellant,

v.

COPE, Appellee.

[Cite as State v. Cope (1996), 111 Ohio App.3d 309.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950671.

Decided April 17, 1996.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Jennifer Day, Assistant Prosecuting Attorney, for appellee.

Kim Cope, pro se.

PAINTER, Judge.

The state appeals the trial court's order sealing[1] the record of appellee Kim Cope's 1973 drug conviction, for which Cope had received a pardon. This seems to be an issue of first impression, as neither party has cited, and we are unable to discover, any Ohio cases directly on point. We affirm.[2]

The state raises two assignments of error, the first of which is that the doctrine of res judicata barred the 1995 action, because in 1983 Cope had applied for an expungement which was denied. In August 1995, however, Cope was granted an unconditional pardon by Governor George Voinovich. Because of this change of circumstances, the first assignment is without merit. Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 31 OBR 463, 510 N.E.2d 373.

In its second assignment of error, the state contends that Cope was not eligible to have his record sealed, because he is not a "first offender" as defined in R.C. 2953.31(A). The state is correct that Cope is eligible to have his record sealed under R.C. 2953.32 only if he is a first offender. The state may be correct in asserting that Cope is not a first offender as defined in R.C. 2953.31(A), because he was, in addition to his 1973 drug conviction, convicted of criminal trespass, R.C. 2911.21, in 1975. Even though Cope was arguably not eligible for a "statutory expungement" under R.C. 2953.32, our inquiry does not end at this point.[3]

---

1. In this context, an "expunged" record and a "sealed" record are identical. See R.C. 2953.32 and 2953.52 et seq.

2. We sua sponte remove this case from the accelerated calendar.

3. Strangely enough, we could say that Cope is a first offender with regard to the misdemeanor, because the felony has been pardoned, and if the felony no longer exists he could not even be a first offender with respect to it because it has been erased by the pardon. Instead of

Under R.C. 2967.04(B), "an unconditional pardon relieves the person to whom it is granted of all disabilities arising out of the conviction or convictions from which it is granted." See, also, R.C. 2961.01. In *State ex rel. Gordon v. Zangerle* (1940), 136 Ohio St. 371, 376, 16 O.O. 536, 538, 26 N.E.2d 190, 194, the Supreme Court of Ohio held that "a full pardon purges away all guilt and leaves the recipient from a legal standpoint, in the same condition *as if the crime had never been committed* * * *." (Emphasis added.) See, also, *Commonwealth v. Sutley* (1977), 474 Pa. 256, 273–274, 378 A.2d 780, 789, which holds that a pardon of an offender "blots out the very existence of his guilt, so that, in the eye of the law, he is thereafter as innocent as if he had never committed the offense."[4]

In *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303, the Ohio Supreme Court held that the inherent powers of the trial court could be invoked to order the sealing of its own records when charges against a person were dismissed with prejudice.[5] The Supreme Court stated, "The trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter." *Pepper Pike, supra,* paragraph two of the syllabus.[6] While a factual distinction can be drawn between a person who has charges dismissed with prejudice and a person who is convicted and receives a pardon, that distinction is immaterial, because the pardon places the recipient, from a legal standpoint, *in the same condition as if the crime had never been committed. State ex rel. Gordon, supra.*

██ The granting of a pardon is an "exceptional and unusual" circumstance, and the trial court was correct in holding that it could seal the record of Cope's conviction. If anything, the order should not have even been necessary — Cope received nothing more than what he was entitled to receive pursuant to his pardon. Under R.C. 2967.04(B), "an unconditional pardon relieves the person to whom it is granted of all disabilities arising out of the conviction or convictions

---

chasing this enigma, a pursuit which could rapidly descend into sophistry, we will assume *arguendo* that Cope is not a first offender under the statutory definition.

4. Though some states have taken a different view of the effect of a full pardon, see, *e.g., State v. Skinner* (Del.1993), 632 A.2d 82, *State ex rel. Gordon* is the definitive pronouncement by the Ohio Supreme Court.

5. At the time of the *Pepper Pike* decision, the right to statutory expungement was limited to *convictions,* and an accused whose charges were *dismissed* had no remedy. The holding in *Pepper Pike* was later codified in R.C. 2953.52 et seq.

6. After *Pepper Pike,* courts have recognized that "[t]here are several methods of expungement, all of which fall into two categories—statutory and judicial." *State v. Netter* (1989), 64 Ohio App.3d 322, 581 N.E.2d 597.

from which it is granted." See, also, R.C. 2961.01.[7]

We discern no reason that the trial court could not order the sealing of its records pursuant to Cope's pardon, even though Cope was not eligible to have his record sealed under R.C. 2953.32. Cope did not need his record sealed at the trial court's discretion because his 1973 conviction had been pardoned by the Governor—what he needed was for the trial court to help him obtain the sealing to which he was entitled because of the pardon. That the trial judge chose to characterize the entry as a statutory expungement is of no import, especially because the Ohio Supreme Court has indicated that when sealing a record using judicial powers, courts should generally follow the statutory form. *Pepper Pike*, *supra*, 66 Ohio St.2d at 377, 20 O.O.3d at 335, 421 N.E.2d at 1306.[8]

We hold that a trial court may exercise its jurisdiction to seal the record of a conviction which has been erased by a pardon, regardless of whether the petitioner has other offenses on his record. "A pardon without expungement is not a pardon." *Commonwealth v. C.S.* (1987), 517 Pa. 89, 534 A.2d 1053. Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

GORMAN, P.J., and MARIANNA BROWN BETTMAN, J., concur.

---

7. From the scant record below, we are unable to determine what entity or entities are failing or refusing to erase or seal Cope's conviction. Perhaps a mandamus action would also be proper, but the trial judge wisely accomplished that which needed to be done by a more familiar remedy, rather than tossing the *pro se* petitioner out of court for failing to file the proper form.

8. Though neither case was cited by the state, both *State v. Weber* (1984), 19 Ohio App.3d 214, 19 OBR 359, 484 N.E.2d 207, and *State v. Netter* (1989), 64 Ohio App.3d 322, 581 N.E.2d 597, involved persons who were not first offenders to whom the trial court had granted expungement. Both cases correctly held that in such a situation, the statutory expungement was the exclusive remedy. Cope is distinguishable, because while he is not a first offender, the offense he wants sealed has been erased by pardon. This "unusual and exceptional circumstance" did not exist in the above cases.