OPINION
James Thomas Haney, defendant-appellant, appeals a January 14, 1999 judgment of the Franklin County Court of Common Pleas in which the court denied appellant's application to seal his criminal record pursuant to R.C. 2953.52.
The present case stems from events that took place in 1978 when appellant shot and killed a drug dealer who was in the act of providing drugs to appellant's drug-addicted sister. Appellant was charged with murder, and on April 9, 1980, was found not guilty by reason of insanity.
Appellant first applied to seal his criminal record pursuant to R.C. 2953.52(B)(2) through (3) in 1990 ("first application"). The first application was denied, and we affirmed the trial court's denial in State v. Haney (1991),70 Ohio App.3d 135.
On December 2, 1998, appellant filed a second application to seal his record ("second application") pursuant to Civ.R. 2953.52. On December 28, 1998, without holding a hearing on the matter, the trial court filed a decision denying appellant's application. The trial court found that appellant's second application was barred by res judicata because the same issues that were presented in appellant's second application were litigated in his first application to seal his record. The decision was journalized pursuant to an entry filed January 14, 1999. Appellant appeals the trial court's judgment and assigns the following three assignments of error:
ASSIGNMENT OF ERROR NUMBER I
 APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION TEN OF THE OHIO CONSTITUTION WHEN HE WAS DENIED A HEARING UPON AN APPLICATION TO SEAL HIS OFFICIAL CRIMINAL RECORD, AS REQUIRED BY OHIO REVISED CODE SECTION 2953.52(B)(1).
ASSIGNMENT OF ERROR NUMBER II
 APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION TEN OF THE OHIO CONSTITUTION WHEN THE LOWER COURT DENIED APPELLANT'S APPLICATION TO SEAL HIS OFFICIAL CRIMINAL RECORD UNDER THE DOCTRINE OF RES JUDICATA.
ASSIGNMENT OF ERROR NUMBER III
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S APPLICATION TO SEAL HIS OFFICIAL CRIMINAL RECORD, THEREBY DENYING APPELLANT THE PROTECTIONS OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION TEN OF THE OHIO CONSTITUTION.
We will address appellant's second assignment of error first because its determination affects our treatment of appellant's first assignment of error. Appellant argues in his second assignment of error that the trial court denied him due process in overruling his application based upon res judicata. Specifically, appellant argues that res judicata does not apply to applications to seal records.
The doctrine of res judicata bars successive actions when a valid, final judgment has been rendered upon the merits and an identity of parties or their privies exists. Ameigh v.Baycliffs Corp. (1998), 81 Ohio St.3d 247, 249, citing Whiteheadv. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, paragraph one of the syllabus. Furthermore, res judicata is applicable where an issue has been actually and necessarily litigated and determined in a prior action. Id., citing Krahn v. Kinney (1989),43 Ohio St.3d 103, 107.
Our research reveals few cases dealing directly with the issue presented under this assignment of error. Appellant relies on two cases for the proposition that res judicata does not apply to bar successive actions to seal a criminal record. However, neither case cited by appellant directly addresses the issue, and other case law supports the application of res judicata to such motions.
Appellant cites State v. Cope (1996), 111 Ohio App.3d 309, for the proposition that res judicata does not apply to motions to expunge. In Cope, the court found that a second motion to expunge was not barred by the doctrine of res judicata because there had been a change in circumstances since the first motion to expunge had been filed as the result of the defendant being granted an unconditional pardon by Governor George Voinovich. However, contrary to appellant's assertion, Cope does not stand for the blanket proposition that res judicata does not apply to motions to expunge. Rather, Cope rested on the general rule of law set forth by the Ohio Supreme Court that res judicata does not bar a subsequent proceeding upon a proper showing of changed circumstances. See Set Products, Inc. v. Bainbridge Twp. Bd. ofZoning Appeals (1987), 31 Ohio St.3d 260. Clearly, the court inCope contemplated that res judicata may apply to motions to expunge but that the doctrine did not apply under the facts in that case because of a change in circumstances.
Appellant also cites State v. Shamatta (Dec. 7, 1995), Cuyahoga App. No. 69036, unreported, in support of his argument. In determining whether the trial court erred in denying appellant's third motion to expunge, the court in Shamatta noted that it "questions whether this appeal is * * * appropriate in view of the legislature's failure to provide for successive applications for expungement, the trial court's previous rulings on appellant's motions for expungement, * * * and the doctrine ofres judicata." However, the court did not address the issue ofres judicata any further and proceeded to overrule appellant's motion to expunge on various grounds. Clearly, the court inShamatta did not make a conclusive ruling that res judicata does not apply to expungement proceedings, as appellant urges. Indeed, one of the grounds cited for affirming the trial court was "the fact that appellant's original motion was denied," which suggests that the appellate court, at a minimum, took into consideration that the appellant had previously filed an unsuccessful motion to expunge.
Another case that suggests that res judicata may apply to motions to expunge is State v. Abdullah (Apr. 26, 1999), Clermont App. No. CA98-08-065, unreported. In Abdullah, the defendant argued that the trial court erred in denying his second motion to expunge. Although the specific issue of whether resjudicata prohibits successive motions to expunge was apparently not raised by either party on appeal, the Twelfth District Court of Appeals noted its reservation to allow a second motion to expunge, citing the above-quoted language in Shamatta. However, after noting its hesitancy to address the merits of appellant's appeal based upon res judicata, the appellate court in Abdullah
did not explore the issue any further and affirmed the trial court's denial of the second motion to expunge on other grounds. Thus, Abdullah also contemplates the applicability of res judicata
to motions to expunge.
The most compelling case on this issue is State v. Young
(Jan. 14, 1992), Montgomery App. No. 12847, unreported. In Young, the trial court dismissed a defendant's first application to expunge because of the factual finding that the appellant did not meet any of the requirements for relief under R.C. 2953.52. The defendant filed a second application, and the trial court overruled the second motion, finding that "`the Defendant is not entitled to successive motions on the same subject.'" Id. On appeal of the trial court's order overruling the defendant's second application, the court of appeals affirmed the trial court, stating, "We agree with the trial court that the appellant is not entitled to relitigate the issues by filing a second application."Id. Therefore, the court in Young clearly found that successive motions to expunge are prohibited.
Appellant fails to present any convincing argument or persuasive authority compelling us to find that, as a matter of law, the doctrine of res judicata does not apply to successive motions to expunge. Further, appellant also fails to present any equitable or policy arguments as to why motions to expunge should be treated any differently from other motions and proceedings as to render them immune from the doctrine of res judicata. The available case law on this issue suggests that res judicata
applies to applications to expunge.
Applying the doctrine of res judicata to the facts in the present case, we find that res judicata precludes appellant's second application to seal his criminal record. Appellant filed his first application to expunge in 1990 based upon the argument that he "has functioned as a totally responsible citizen and has become a paralegal and needs the expungement to enhance job opportunities." Haney, supra, at 139. At the oral hearing on the first application in 1990, counsel for appellant stated:
 The reason that we are requesting this is given his involvement as an adjunct in the legal profession as a paralegal and that training, given his desire to improve his station in life for himself and his family, he desires the records of the arrest itself be expunged so he doesn't need, every time he makes a job application, to go through the whole rigamarole [sic] of explaining that he was acquitted and so forth, go through all that, because I think at that point he could legitimately answer questions relating to arrest charges with a negative answer.
Likewise, in his second application for expungement, appellant stated the following reasons for his request that his prior record be expunged:
 * * * [T]he applicant will present testimony detailing his stable work history, and the repercussions he has encountered upon disclosure of the record remaining with the Court of Common Pleas. For example, at one point, the applicant was promoted to the position of Manager at his place of employment, but was demoted after it was learned that he had been charged with a crime, even though the outcome of the proceeding is well-established.
 * * * The disclosure of this information has affected the applicant's potential for professional growth, but more significantly has affected the economic well-being of the applicant's children, who have suffered the consequences of arbitrary and capricious employment decisions.
Appellant claimed in both applications that he is now a responsible citizen and needs the expungement to improve his employment opportunities and economic well-being. Thus, the reasons cited in both appellant's first and second applications for expungement are identical. Res judicata precludes successive motions based upon issues that have been actually and necessarily litigated and determined in a prior action. See Ameigh, supra. Because the trial court has already denied appellant's first application, and we have upheld the trial court's decision on the first application in Haney, supra, res judicata prohibits appellant from again litigating those same issues in his second application.
In addition, although a change in circumstances from the time of the filing of an original application to expunge has been held to prevent the application of res judicata on a subsequent application, Cope, supra, appellant failed to allege any change in circumstances. A change in circumstances requires more than the mere passage of time. Therefore, appellant's second assignment of error is overruled.
Appellant argues in his first assignment of error that he was denied due process when the trial court failed to hold a hearing upon his second application to seal his criminal record prior to rendering its judgment. In support of this argument, appellant correctly notes that, generally, under R.C. 2953.52, a trial court is required to set a date for a hearing once an application for expungement has been filed. See R.C.2953.52(B)(1) ("the court shall set a date for a hearing") (emphasis added); see, also, State v. Cuttiford (Feb. 11, 1998), Lorain App. No. 97CA006724, unreported (requiring a hearing pursuant to identical language contained in R.C. 2953.32[B] for the sealing of records subsequent to conviction); State v. Saltzer
(1984), 14 Ohio App.3d 394 (requiring a hearing pursuant to identical language contained in R.C. 2953.32[B] for the sealing of records subsequent to conviction). This rationale is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision in order to make several determinations pursuant to R.C.2953.52(B)(2)(a) through (d).
However, as we found in our discussion of appellant's second assignment of error, appellant's second application for expungement was based on the same arguments as presented in his first application, and, thus, the second application was prohibited pursuant to res judicata. Under these circumstances, appellant could not have presented any evidence that would have changed the outcome because the trial court had no discretion to grant the second application. The trial court was required, as a matter of law, to find the second application barred by resjudicata. Accordingly, this court concludes that the trial court was not required to hold an evidentiary hearing under these circumstances. See City of Aurora v. Bulanda (June 14, 1996), Portage App. No. 95-P-0130, unreported (finding that the trial court was not required to hold a hearing pursuant to R.C. 2953.32
because the defendant did not commit an offense that could be expunged under R.C. 2953.36, and, thus, the defendant could not have presented any evidence that could have changed the outcome). Because the trial court did not err in denying appellant's motion to expunge without the benefit of an evidentiary hearing, appellant's first assignment of error is also without merit and is overruled.
Appellant argues in his third assignment of error that the trial court abused its discretion in denying his application to seal his criminal record because he has met all of the factors contained in to R.C. 2953.52(B)(2)(a) through (d). However, we have already found that the trial court did not err in denying appellant's application because it was barred by res judicata. Therefore, appellant's third assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).
Accordingly, appellant's first and second assignments of error are overruled, and appellant's third assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and DESHLER, JJ., concur.