DECISION.
{¶ 1} Defendant-appellant Susan Schwartz appeals the judgment of the trial court that denied her motion to have her record expunged. We affirm the judgment of the trial court.
 {¶ 2} In April 2000, Schwartz was taken to a Cincinnati hospital after asking her mother for a gun with which to kill herself. While awaiting treatment at the hospital, Schwartz attempted to take a gun from a Cincinnati police officer so that she could kill herself. Schwartz was later indicted for aggravated robbery for the incident.
 {¶ 3} On July 28, 2000, Schwartz entered a plea of not guilty by reason of insanity. A bench trial was held. At the conclusion of the testimony, the trial court found Schwartz not guilty by reason of insanity. The trial court granted the conditional release of Schwartz and ordered that she receive outpatient treatment. On February 12, 2002, the trial court ordered the termination of Schwartz's conditional release.
 {¶ 4} Schwartz filed an application for expungement on May 3, 2002.[1]
Schwartz stated in her affidavit that she believed her public record was hindering her ability to find employment and that, since the incident in April 2000, she had committed no other crimes. On November 15, 2002, the trial court denied the application for expungement, concluding that the state's interest in maintaining a record of the proceedings outweighed Schwartz's interests in having the record sealed.
 {¶ 5} A year and a half later, on March 23, 2004, Schwartz filed a second application seeking to have the record of her arrest and her plea expunged. The state objected to the second application for expungement. During a hearing on the application, Schwartz's counsel argued that Schwartz was continuing to have trouble finding employment, that the April 2000 incident was the only instance of mental illness that Schwartz had had, and that there was an indication that the incident had been caused by a reaction to a diet medication. The state countered that expungement under R.C. 2953.52 did not apply to individuals who had been found not guilty by reason of insanity, that the second application should be barred by res judicata, and that, if R.C. 2953.52 did apply, the state's interest in maintaining the record outweighed Schwartz's interest in having it sealed. The trial court again concluded that the state's interest outweighed those of Schwartz and denied the application.
 {¶ 6} Schwartz's sole assignment of error is that the trial court erred in denying her application to expunge the record of her arrest and plea. But before we turn our attention to her claim, we first consider the state's arguments that R.C. 2953.52 does not apply to not-guilty-by-reason-of-insanity pleas and that the second application for expungement was barred by res judicata.
 {¶ 7} R.C. 2953.52 provides that "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case." The state argues that, because it refers to only a straight not-guilty finding, the section is not available to those individuals found not guilty by reason of insanity. We disagree. Despite that it results in commitment proceedings, a successful insanity plea ends with a finding of not guilty by the trial court. Our conclusion might differ if Ohio provided for a guilty-but-insane plea.
 {¶ 8} In addition, Ohio law allows a first-time offender to apply to have his conviction expunged three years after his final discharge.[2]
But the section only applies to those who have been convicted. This avenue is not available to one who is found not guilty by reason of insanity, as the Ohio Supreme Court has concluded that a not-guilty-by-reason-of-insanity finding is not a conviction.[3] Our research has found no indication that those found not guilty by reason of insanity should be precluded from applying to have their record expunged.
 {¶ 9} Having concluded that R.C. 2953.52 applies to those individuals who have been found not guilty by reason of insanity, we consider next whether Schwartz's second application for expungement was barred by res judicata. The principle of res judicata prevents the relitigation of an issue where a valid final judgment has been rendered on the merits.[4]
But res judicata does not bar subsequent proceedings where there is a showing of a change in circumstances.[5]
 {¶ 10} Here, Schwartz sufficiently demonstrated a change in circumstances to make the bar of res judicata inapplicable. She had further difficulty in finding employment, and the length of time between the April 2000 incident and her application added weight to her contention that the incident was a one-time occurrence. Indeed, although, as we discuss later, we affirm the trial court's judgment in this case, we can foresee that as time progresses and Schwartz continues to be mentally stable and to suffer adverse effects in her search for employment, there would again be an adequate showing of a change in circumstances to warrant a third application for expungement.
 {¶ 11} Having concluded that R.C. 2953.52 does apply to Schwartz and that her second application for expungement was not barred by res judicata, we now turn our attention to Schwartz's assignment of error. She argues that the trial court erred in denying the motion for expungement.
 {¶ 12} A trial court's decision to grant or deny an expungement is within its discretion.[6] Accordingly, we can only reverse the judgment if we conclude that it is arbitrary, unreasonable, or unconscionable.[7]
Absent such a conclusion, we are unable to substitute our judgment for that of the trial court.[8] Although we may have ruled differently on Schwartz's application for expungement, we are unable to say that the trial court abused its discretion. The sole assignment of error is overruled, and we therefore affirm the judgment of the trial court.
Judgment affirmed.
Painter, P.J., and Hendon, J., concur.
[1] It appears that Schwartz, acting pro se, filed the application for expungement pursuant to R.C. 2953.32, which relates to convicted offenders. But the state's memorandum in opposition and the reply from Schwartz's counsel referred to expungement pursuant to R.C. 2953.52.
[2] R.C. 2953.32(A)(1).
[3] State v. Tuomala, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, at ¶ 15.
[4] Ameigh v. Baycliffs Corp., 81 Ohio St.3d 247, 249, 1998-Ohio-467,690 N.E.2d 872.
[5] Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals
(1987), 31 Ohio St.3d 260, 510 N.E.2d 373. See, also, State v. Cope
(1996), 111 Ohio App.3d 309, 676 N.E.2d 141.
[6] State v. Haney (1991), 70 Ohio App.3d 135, 590 N.E.2d 445.
[7] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
[8] Berk v. Matthews (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.