The STATE of Ohio, Appellee,

v.

ROJAS, Appellant.

[Cite as *State v. Rojas,* 180 Ohio App.3d 52, 2008-Ohio-6339.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22524.

Decided Dec. 5, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.

Leonard E. Rojas Jr., pro se.

———

GRADY, Judge.

{¶ 1} Defendant, Leonard Rojas, appeals from a judgment denying his second, successive application to seal the record of his conviction pursuant to R.C. 2953.32.

{¶ 2} Defendant was indicted in 2002 on three counts of importuning in violation of R.C. 2907.07(C), felonies of the fifth degree. Pursuant to a negotiated plea agreement, defendant entered a no-contest plea to one count of attempted importuning, a misdemeanor of the first degree, and the state dismissed the two remaining felony importuning charges. The trial court sentenced defendant to a six-month jail term, which the court ordered suspended on condition that defendant pay fines and court costs. Defendant's probationary status was terminated and the case was closed on July 30, 2003.

{¶ 3} On March 15, 2005, defendant filed a motion to have the record of his conviction sealed pursuant to R.C. 2953.32. The trial court denied defendant's motion to seal the record of his conviction, finding: "Based on the nature of the offense and the fact that all three victims were juveniles between the ages of fifteen and sixteen. It appears as though there is a governmental need to maintain this record of conviction." Defendant did not appeal from the judgment of the trial court.

{¶ 4} On April 16, 2007, defendant filed a second motion to seal the record of his conviction. Defendant's motion contends that "more than one (1) years have passed since the final discharge of the defendant from the sentence imposed in this case, there (are) no criminal proceedings pending against the defendant in any court, and the sealing of the record is consistent with the public interest." The state filed no motion opposing defendant's request.

{¶ 5} The trial court denied defendant's request for expungement on November 6, 2007, stating:

{¶ 6} "Based on the nature of the offense and the fact that all three victims were juveniles between the ages of fifteen and sixteen. It appears as though there is a governmental need to maintain this record of conviction. Mr. Rojas

filed a request for Sealing of Record of Conviction (Misdemeanor) on March 15, 2005 and his request was denied on May 26, 2005."

{¶ 7} Defendant filed a timely notice of appeal from the judgment of the trial court.

{¶ 8} Defendant, who appears pro se, has not assigned any specific error, which App.R. 16(A)(3) requires. We construe his arguments as claims that the trial court abused its discretion when it denied his motion to seal the record of his conviction. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶ 9} R.C. 2953.32(A)(1) allows persons convicted of a misdemeanor as a first offense to apply to the court to seal the record of a conviction at the expiration of one year following the offender's discharge. R.C. 2953.32(B) requires the court, after setting the application for a hearing, to notify the prosecutor, who may file an objection to the relief sought, and to obtain a probation report concerning the applicant. R.C. 2953.32(C)(1)(a)-(e) identify specific determinations the court must make in granting or denying the relief sought.

{¶ 10} Defendant argues that the trial court's decision denying his application is unreasonable because, at the hearing on his application, defendant demonstrated that the availability of the record of his conviction has had a serious and adverse effect on his employment opportunities and thus his capacity to earn a living.

{¶ 11} Defendant has not appended to his brief a typed or printed transcription of the videotape transcript of the hearing on his application. That is required by App.R. 9(A) when reference to the transcript of the proceedings is necessary for us to determine the questions of law an appeal presents, as it is here. Therefore, we cannot find that the trial court acted unreasonably for the reason defendant alleges.

{¶ 12} Neither can we find that defendant's application is barred as res judicata, as the state argues, because absent a transcript we cannot determine whether the claims defendant made arose out of the same transaction or occurrence that was the subject of the 2005 determination on its merits that the court made when it denied his prior R.C. 2953.32 application. *Grava v. Parkman* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. Res judicata does not bar an R.C. 2953.32 application where there is a showing of changed or new circumstances.

*State v. Cope* (1996), 111 Ohio App.3d 309, 676 N.E.2d 141. Furthermore, not having so objected in the trial court proceeding, the state has forfeited its right to argue res judicata on appeal.

{¶ 13} Nevertheless, our review of the record leads us to conclude that, the presumption of regularity notwithstanding, the trial court could not have acted reasonably when it denied defendant's application.

{¶ 14} Among the determinations the court must make in granting or denying an R.C. 2953.32 application is the requirement imposed by paragraph (C)(1)(e) of that section to:

{¶ 15} "Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."

{¶ 16} The court found that because of the nature of defendant's attempted importuning offense and the ages of the three victims involved in the felony offenses with which defendant was charged, "there is a governmental need to maintain this record of conviction." R.C. 2953.32(C)(1)(e) requires a finding of "legitimate needs." We believe the court intended to apply that standard, though the fact that defendant's misdemeanor sentence was suspended and he was placed on probation when he was convicted arguably weighs against that need.

{¶ 17} More significantly, however, the court in its determination did not weigh the governmental need it found against defendant's interests in having the record sealed, whatever those interests were. R.C. 2953.32(C)(1)(e) requires that weighing process, whether the court grants or denies the application. Therefore, on this record, the trial court erred when it denied defendant's application.

{¶ 18} Defendant's assignment of error is sustained. The judgment from which the appeal was taken will be reversed and the matter remanded for further proceedings consistent with our opinion.

Judgment reversed
and cause remanded.

FAIN and DONOVAN, JJ., concur.