**[Cite as *State v. Hair*, 2020-Ohio-3128.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-73 |
| | : | |
| v. | : | Trial Court Case No. TRC1703925 |
| | : | |
| CHRISTOPHER G. HAIR | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of May, 2020.

. . . . . . . . . . .

MICHAEL A. MAYER, Atty. Reg. No. 0064079, 510 West Main Street, Fairborn, Ohio 45324
     Attorney for Plaintiff-Appellee

CHRISTOPHER G. HAIR, 914 Norwood Avenue, Toledo, Ohio 43607
     Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Christopher G. Hair, pro se, appeals an order of the Fairborn Municipal Court denying his motion to seal the record of a dismissal of a charge against him and his motion to terminate his administrative license suspension. Hair filed a timely notice of appeal on November 26, 2019.

{¶ 2} On April 3, 2017, Hair was arrested and charged with operating a motor vehicle under the influence of drugs and/or alcohol ("OVI") in violation of R.C. 4511.19(A), a misdemeanor of the first degree. In addition to the OVI charge, an administrative license suspension ("ALS") was imposed pursuant to R.C. 4511.191(C), since Hair refused to submit to a breathalyzer exam after he completed the field sobriety tests administered by the arresting officer. On April 4, 2017, Hair appeared before the magistrate and pled not guilty to the OVI. On June 7, 2017, Hair filed a motion for driving privileges in order to drive to and from work and attend job interviews. The magistrate granted Hair's motion for driving privileges on the same day.

{¶ 3} On September 12, 2017, the State made an oral motion to dismiss the OVI and to be allowed to refile the matter with an amended charge of failure to maintain physical control. In an entry filed the same day, the trial court granted the motion and dismissed the OVI charge without prejudice.[1]

{¶ 4} Approximately ten months later on June 14, 2018, Hair filed a pro se motion to dismiss his ALS. On July 24, 2018, the magistrate issued a decision recommending that Hair's motion to dismiss the ALS be overruled as untimely because he failed to appeal

---

[1] In Fairborn M.C. No. CRB1700615, Hair was charged with an open container violation. That case was also dismissed without prejudice on September 12, 2017, at the State's request. The dismissal entry listed both the instant case, TRC1703925, and CRB1700615.

the ALS within 30 days of the suspension. We note that an ALS goes into effect immediately upon an offender's refusal to submit to testing. R.C. 4511.192(D)(1)(a). The record clearly establishes that Hair's motion to dismiss the ALS was filed well outside the 30-day statutory time limit. On July 26, 2018, the trial court adopted the decision of the magistrate in its entirety and overruled Hair's motion to dismiss as untimely.

{¶ 5} Approximately seven months later on February 22, 2019, Hair filed an application for an order sealing the record regarding the dismissed OVI and the ALS, which was then still in effect. In a judgment entry filed on March 22, 2019, the trial court overruled Hair's application to seal the record of the dismissed OVI and his ALS. Specifically, the trial court found that, pursuant to R.C. 2953.36(B), neither a violation of R.C. 4511.19(A)(1)(a) nor an ALS was a sealable offense. On May 20, 2019, Hair filed a notice of appeal of the trial court's decision, which we dismissed as untimely. *See State v. Hair*, 2d Dist. Greene No. 2019-CA-27 (August 28, 2019 Decision & Entry).

{¶ 6} On August 30, 2019, Hair filed a second application to seal the record of his dismissed OVI and still-active ALS. The trial court overruled Hair's second application on November 1, 2019, basing its decision on the law of the case doctrine. Hair filed a timely notice of appeal on November 26, 2019.

{¶ 7} Hair's first assignment of error is a follows:

FAIRBORN MUNICIPAL COURT ERRED IN ITS CONCLUSION OF LAW AGAINST THE MANIFEST WEIGHT OF [THE] EVIDENCE WHEN THE COURT DECIDED TO UPHOLD AN [sic] PREJUDICIAL ERROR OF INAPPLICABLE STATUTE.

{¶ 8} In his first assignment, Hair contends that the trial court erred when it

overruled his second application to seal the record of the dismissed OVI and the ALS because it relied upon the wrong statute in its initial entry denying his request. Specifically, Hair argues that R.C. 2953.36 was not the applicable statute because his case involved a dismissal of his OVI and not a conviction under R.C. 4511.19.

{¶ 9} Although not raised by the State, we note that res judicata does not bar a successive application to seal the record where there is a showing of changed or new circumstances. *See State v. Cope*, 111 Ohio App.3d 309, 311-312, 676 N.E.2d 141 (1st Dist.1996), *abrogated on other grounds by State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980. Nevertheless, not having so objected in the trial court proceeding regarding Hair's successive application to seal the record, the State has forfeited its right to argue res judicata on appeal. *State v. Rojas*, 180 Ohio App.3d 52, 2008-Ohio-6339, 904 N.E.2d 541, ¶ 12 (2d Dist.).

{¶ 10} The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 469 N.E.2d 974 (9th Dist.1984). Sealing of a criminal record is an "act of grace created by the state." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). It should be granted only when all requirements for eligibility are met, because it is a "privilege, not a right." *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 11} Generally, an appellate court reviews a trial court's decision regarding a motion to seal the record under an abuse of discretion standard. *State v. Pierce*, 10th Dist. Franklin No. 06AP-931, 2007-Ohio-1708, ¶ 5. The term abuse of discretion is used to indicate that the trial court's attitude was unreasonable, arbitrary or unconscionable.

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, where the dispute as to the sealing of a record involves purely a legal question, our standard of review is de novo. *Futrall* at ¶ 6-7.

{¶ 12} As previously stated, when it overruled Hair's second application to seal the record of the dismissed OVI and still-active ALS, the court relied upon the law of the case doctrine. Notably, the trial court applied the incorrect statute when it overruled Hair's first application to seal the record regarding the dismissed OVI; it relied on R.C. 2953.36, which pertains to convictions. However, the merits of the first application to seal are not before this Court now. Hair failed to pursue an appeal of that decision, and his argument regarding the application of an incorrect statute is not properly before us.

{¶ 13} Nevertheless, the trial court should have relied upon R.C. 2953.52 when it reviewed Hair's second application to seal the record regarding the dismissed OVI. R.C. 2953.52 states in part:

(A)(1) Any person, who is found not guilty of an offense by a jury or a court *or who is the defendant named in a dismissed complaint, indictment, or information*, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

* * *

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the

prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case * * *;

(ii) *If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired*;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) *Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records*.

{¶ 14} Accordingly, in considering a successive application under R.C. 2953.52, "the trial court is to '[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to

maintain the records.' " *In re Dumas*, 10th Dist. Franklin No. 06AP-1162, 2007-Ohio-3621, ¶ 8, quoting R.C. 2953.52(B)(2)(d). If the trial court determines that the defendant's interest in having the records sealed is "not outweighed by the government's interest in maintaining the records, then the trial court shall issue an order sealing the records." R.C. 2953.52(B)(3). The burden is on the defendant to demonstrate that his interest in having the records sealed is "equal to or greater than the government's interest in maintaining those records." *State v. Capone*, 2d Dist. Montgomery No. 20134, 2004-Ohio-4679, ¶ 5. As previously stated, res judicata does not bar a successive application to seal the record where there is a showing of changed or new circumstances. *Cope,* 111 Ohio St.3d 309, 311-312, 676 N.E.2d 141.

{¶ 15} We find that the trial court erred when it overruled Hair's second application to seal the record of his dismissed OVI without permitting Hair to attempt to establish a change in circumstances. Accordingly, we remand this matter to the trial court for a review of Hair's second application to seal the record pursuant to the analysis set forth in R.C. 2953.52, including an evidentiary hearing as to its merits.

{¶ 16} Hair's first assignment of error is sustained as it relates to the OVI only.

{¶ 17} Hair's second assignment of error is as follows:

FAIRBORN MUNICIPAL COURT ABUSED ITS DISCRETION IN DENYING CHRISTOPHER'S HAIR'S MOTION TO SEAL HIS RECORD AND HIS MOTION TO TERMINATE ADMINISTRATIVE LICENSE SUSPENSION WHEN BOTH MOTIONS WERE PERMITTED BY STATUTE.

{¶ 18} In his second assignment, Hair argues that the trial court erred when it

overruled his motion to terminate his ALS pursuant to R.C. 4511.197(D) after his OVI had been dismissed. R.C. 4511.197(D), however, does not provide for the termination of an ALS following dismissal of the underlying offense. R.C. 4511.197(D) states in pertinent part:

> Except as otherwise provided in this section, if a suspension imposed under section 4511.191 of the Revised Code is upheld on appeal or if the subject person does not appeal the suspension under division (A) of this section, the suspension shall continue until the complaint alleging the violation for which the person was arrested and in relation to which the suspension was imposed is adjudicated on the merits or terminated pursuant to law. If the suspension was imposed under division (B)(1) of section 4511.191 of the Revised Code and it is continued under this section, any subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test or tests under division (A) of section 4511.191 of the Revised Code does not terminate or otherwise affect the suspension. *If the suspension was imposed under division (C) of section 4511.191 of the Revised Code in relation to an alleged misdemeanor violation of division (A) or (B) of section 4511.19 of the Revised Code or of a municipal OVI ordinance and it is continued under this section, the suspension shall terminate if, for any reason, the person subsequently is found not guilty of the charge that resulted in the person taking the chemical test or tests.*

(Emphasis added).

{¶ 19} In the instant case, Hair's ALS was imposed pursuant to R.C. 4511.191(C). R.C. 4511.197(D) explicitly states that it requires a finding of "not guilty" for the OVI before the ALS imposed pursuant to R.C. 4511.191(C) may be terminated. Hair's OVI charge was dismissed without prejudice, so no finding of not guilty was made. Thus, R.C. 4511.197(D) did not provide a basis to terminate Hair's ALS. *State v. Wellman*, 5th Dist. Licking No. 2006 CA 0091, 2007-Ohio-6107, ¶ 12. Accordingly, the trial court did not err when it overruled Hair's motion to terminate his ALS. With respect to the ALS termination, the law of the case doctrine indeed also barred a successive application to seal.

{¶ 20} Hair's second assignment of error is overruled.

{¶ 21} Hair's first assignment of error having been sustained as it relates to the sealing of the dismissal of the OVI, this portion of the order is reversed and is remanded to the trial court for proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Michael A. Mayer
Christopher G. Hair
Hon. Beth W. Cappelli