[Cite as *State v. Hair*, **2021-Ohio-2136.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                     Court of Appeals No.  L-20-1142
                                                                      L-20-1143
        Appellee                                                      L-20-1144

                                                 Trial Court No. TRC-18-17788
v.                                                               TRD-13-37604

Christopher G. Hair                              **DECISION AND JUDGMENT**

        Appellant                                Decided:  June 25, 2021

* * * * *

David Toska, Chief Prosecutor, and Christopher Lawrence,
Assistant Prosecutor, for appellee.

Christopher G. Hair, pro se.

* * * * *

**DUHART, J.**

{¶ 1} This matter is before the court on the consolidated notices of appeal filed by

appellant, Christopher G. Hair, on November 9, 2020, in connection with the trial court's

failure to terminate appellant's administrative license suspension ("ALS") and the trial

court's decision not to seal appellant's dismissed traffic offenses. For the reasons that follow, we affirm the failure to terminate the ALS, and we reverse the decision not to seal the dismissed traffic offenses and remand that matter so that the trial court can conduct a hearing pursuant to R.C. 2953.52.

{¶ 2} Appellant sets forth the following assignments of error:

I. Toledo Municipal Court abused its discretion by not terminating the ALS when applicable statute permitted that action.

II. Toledo Municipal Court abused its discretion by not granting the sealing of eight dismissed complaints when applicable statute permitted that action.

III. Toledo Municipal Court made an erroneous interpretation which led to a prejudicial error in the court's conclusion of law that caused the denial of eight of Mr. Hair's motions to seal the record.

IV. Toledo Municipal Court made an erroneous interpretation that caused a prejudicial error in the court's conclusion of law that continued the ALS associated with a dismissed OVI complaint.

## Factual and Procedural Background

### TRC-18-1788, "The ALS Case"

{¶ 3} On August 6, 2018, appellant was charged with OVI in Toledo Municipal Court. According to the state, appellant refused to submit to a breath test and, as a result, his license was placed under an ALS pursuant to R.C. 4511.191(B)(1). Appellant denies

2.

that he refused the breath test, stating that he ultimately did submit to one after he was transported to the police station. (In claiming that he submitted to a breath test, appellant conceded, in at least one trial court pleading, that the officer deemed his test inadequate and ultimately changed appellant's status to refusal.)

{¶ 4} The case was scheduled for an ALS appeal hearing on August 24, 2018. Appellant failed to appear for the hearing on that date. On August 27, 2018, appellant filed a motion to reopen/continue the ALS appeal hearing, as well as a motion to suppress evidence. These motions were scheduled to be heard at a pre-trial conference on September 10, 2018. Appellant appeared with a public defender on this date, and the motion to suppress was withdrawn. No entry or ruling was made concerning appellant's request to reopen his ALS appeal. The case proceeded through several more pre-trials and trial dates. On November 16, 2018, appellant filed another motion to suppress evidence and, in the alternative, to dismiss the charges. The trial court scheduled motion hearings for December 19, 2018. On December 19, 2018, appellant once again failed to appear.

{¶ 5} Appellant was given a summons and ordered to appear on January 22, 2019. On January 22, 2019, the case was rescheduled for trial on February 27, 2019. On February 27, 2019, appellant again failed to appear, and another warrant was issued. Later that same day, appellant appeared with new counsel, and the case was reset for trial on March 11, 2019. On March 11, 2019, the case was continued until March 18, 2019. On March 18, 2019, the case was reset for a suppression hearing on April 11, 2019. On

3.

April 10, 2019, appellant appeared and the case was continued once again, until April 29, 2019, for the suppression hearing. On April 29, 2019, appellant again failed to appear for hearing, and another warrant was issued for his arrest.

{¶ 6} On May 6, appellant appeared, and the suppression hearing was rescheduled for June 11, 2019. On May 29, 2019, the hearing was again continued, this time until June 18, 2019. On June 14, 2019, the suppression hearing was continued until July 1, 2019. On July 1, 2019, the suppression hearing finally occurred and the trial court denied appellant's motion to suppress. The case was set for trial on July 30, 2019. On July 19, 2019, appellant filed a written demand for a jury trial, and the July 30, 2019 date was converted into a jury pre-trial conference. On July 30, 2019, the trial court scheduled another ALS appeal hearing for August 5, 2019. On August 5, 2019, appellant once again failed to appear for his ALS appeal. The trial court wrote that the ALS hearing was "denied," and the case was scheduled for a jury trial on September 25, 2019.

{¶ 7} The case was continued and rescheduled several times between September 25, 2019 and February of 2020. Each time, there was no further reference to the ALS appeal hearing. On February 4, 2020, the OVI charge was dismissed. Appellant pleaded no contest to a charge of failure to reinstate his license. On this date, the trial court ordered that the ALS would continue, despite the OVI charge having been dismissed.

{¶ 8} On February 12, 2020, appellant filed another ALS appeal. On the same day, the trial court denied the motion as untimely. On February 18, appellant filed a motion to seal the record and terminate the ALS. The case was scheduled for an

4.

expungement hearing on March 19, 2020. On March 20, 2020, the hearing was rescheduled for April 17, 2020. On April 17, the case was continued until June 8, 2020. On June 3, 2020, appellant filed a motion to continue the expungement hearing. The motion was granted, and the hearing was continued until June 30, 2020. On June 26, 2020, appellant filed another motion to continue the hearing. This was granted and the case was reset for hearing on July 23, 2020. On July 23, 2020, the motion to seal the record was denied. This appeal followed.

### Traffic Cases

{¶ 9} On November 8, 2013, appellant was charged, in case No. TRD-13-37604, with operating a motor vehicle without a license, a marked lanes violation, and a traffic control devices violation. On December 12, 2013, counts 1 and 2 were dismissed. Appellant pleaded no contest to count 3 and was sentenced to pay a fine and court costs. On March 13, 2020, appellant filed a motion to seal the record as to counts 1 and 2. After various continuances of the hearing due to COVID-19, the matter was ultimately scheduled for hearing on July 23, 2020. On this date, the trial court denied appellant's motion to seal.

{¶ 10} On May 30, 2015, appellant was charged, in case No. TRD-15-18029, with operating a motor vehicle with no license, slow speed, and a display of license plates violation. On September 17, 2015, all three counts were dismissed, with appellant agreeing to pay court costs on count 1. On March 13, 2020, appellant filed a motion to seal the record on all three counts. An expungement hearing was scheduled for June 30,

5.

2020. On June 29, 2020, the trial court denied appellant's motion without a hearing, holding that traffic tickets were not eligible for expungement.

{¶ 11} On November 29, 2015, appellant was charged, in case No. TRC-15-38331, with operating a vehicle while intoxicated and with failure to control. On February 17, 2017, appellant pleaded guilty to an amended charge of reckless operation and count 2 was dismissed. On March 13, 2020, appellant filed a motion to have the record sealed as to count 2. The matter was scheduled for a hearing on June 30, 2020. On June 29, 2020, the trial court denied appellant's motion without a hearing, holding that traffic offenses were not eligible to be sealed.

{¶ 12} On August 26, 2016, appellant was cited, in case No. TRD-16-22309, with failing to stop behind the stop bar. On September 1, 2016, the case was dismissed upon the payment of court costs. On March 13, 2020, the trial court, again without a hearing, denied appellant's motion to seal.

{¶ 13} Appellant filed appeals for each of the denials.

## Argument

### Appellant failed to appear for his ALS Appeal.

{¶ 14} As appellant's first and fourth assignments of error both challenge the trial court's failure to terminate the ALS, we will consider them together in our analysis. The standard of review in an appeal of a trial court's continuation of an administrative license suspension is whether there is some competent, credible evidence to support the lower court's ruling. *State v. Williams*, 6th Dist. Ottawa No. OT-03-020, 2004-Ohio-2453, ¶ 7.

6.

{¶ 15} On August 10, 2018, appellant filed his first ALS appeal, arguing: (1) that the ALS was unconstitutional according to his Fourth Amendment rights and, further, failed to satisfy R.C. 4511.197(C)(1), inasmuch as the arresting officer did not have reasonable suspicion to charge appellant with an OVI or to demand a field sobriety test; and (2) that R.C. 4511.197(C)(4) was not met, because he actually did submit to a breath test after he was transported to the police station. As indicated above, appellant failed to appear on the August 24, 2018 hearing date. The magistrate mentioned appellant's failure to appear and included the notation "ALS dismissed" in its August 24, 2018 journal entry. In filing a motion to reopen/continue the ALS hearing three days later, on August 27, 2018, appellant demonstrated his understanding that the suspension was still in place. This motion was not addressed until July 30, 2019. The second ALS appeal hearing was scheduled for August 5, 2019. On August 5, 2019, appellant once again failed to appear for hearing. The trial court wrote in its August 5, 2019 journal entry that the "ALS hearing" was "denied."

{¶ 16} Regarding the procedure to which an ALS appellant is entitled, the Fifth District Court of Appeals has stated:

> We have read R.C. 4511.197, and find the statute does not expressly set forth the procedure a trial court is to follow in reviewing an appeal of an administrative license suspension. The statute clearly provides for an appeal as a means to seek relief from an administrative license suspension.

7.

We find inherent in an ALS appeal is an opportunity for an individual to be heard.

*State v. Norman*, 5th Dist. Knox No. 2005CA00022, 2005-Ohio-5791, ¶ 17. Thus, "[i]mplicit in the statute is the right to an evidentiary hearing." *State v. Katz,* 5th Dist. Delaware No. 09CAC030028, 2009-Oio-5803, ¶ 25. Further, "the lack of any mention [of][,] or order relative to[,] the ALS appeal is tantamount to a denial of appellant's right to a hearing pursuant to R.C. 4511.197." *Id.*

{¶ 17} In the instant case, appellant had not one, but two ALS evidentiary hearings scheduled, each of which granted him the opportunity to be heard. He failed to appear on both occasions. On August 24, 2018, the magistrate, in its journal entry, deemed the ALS appeal "dismissed." And on August 5, 2019, the trial court indicated in its journal entry that the appeal was denied.

{¶ 18} Where there is an evidentiary hearing to determine whether to terminate an ALS, "the licensee has the burden of showing, by a preponderance of the evidence, that the actions of the Bureau of Motor Vehicles were taken in error." *State v. Williams*, 6th Dist. Ottawa No. OT-03-020, 2004-Ohio-2453, ¶ 7. In general, this means that the burden is on the licensee to disprove one of the four conditions laid out in R.C. 4511.197(C). *See State v. Ferguson*, 6th Dist. No. L-16-1118, 2017-Ohio-1394, ¶ 11-12. Those four conditions are that: (1) the officer had reasonable grounds to believe the offender was driving impaired; (2) the officer requested a chemical or other test to determine impairment; (3) the officer properly informed or notified the offender of the

8.

consequences of refusing to submit to the test; and (4) the officer refused to submit the test results, or the test results failed to show that the offender was driving impaired. See R.C. 4511.197(C). A licensee will be "relieved of the burden of proving that one of the R.C. 4511.197(C) conditions had not been met where the BMV fails to present prima facie proof the officer complied with all mandates of R.C. 4511.192. *State v. Ferguson*, 6th Dist. No. L-16-1118, 2017-Ohio-1394, ¶ 24. Because appellant never presented any evidence for the trial court to weigh, and because there was never any stipulation by the city of Toledo that R.C. 4511.192 had not been followed, appellant's ALS appeal was properly denied.

**Dismissal of the OVI did not terminate the ALS.**

{¶ 19} In *State v. Hair,* 2d Dist. Greene No. 2019-CA-73, 2020-Ohio-3128, the Second District Court of Appeals considered a nearly identical argument to the one appellant makes here, which is that appellant's ALS should have been terminated after his underlying OVI case was dismissed without prejudice pursuant to R.C. 4511.197(D). *Id.* at ¶ 18-19. The Second District court disagreed, concluding that R.C. 4511.197(D) does not provide for the termination of an ALS following dismissal of the underlying offense.

{¶ 20} R.C. 4511.197(D) pertinently provides:

* * *

Except as otherwise provided in this section, if a suspension imposed under section 4511.191 of the Revised Code is upheld on appeal or if the

9.

subject person does not appeal the suspension under division (A) of this section, the suspension shall continue until the complaint alleging the violation for which the person was arrested and in relation to which the suspension was imposed is adjudicated on the merits or terminated pursuant to law. If the suspension was imposed under division (B)(1) of section 4511.191 of the Revised Code and it is continued under this section, any subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test or tests under division (A) of section 4511.191 of the Revised Code does not terminate or otherwise affect the suspension. If the suspension was imposed under division (C) of section 4511.191 of the Revised Code in relation to an alleged misdemeanor violation of division (A) or (B) of section 4511.19 of the Revised Code or of a municipal OVI ordinance and it is continued under this section, the suspension shall terminate if, for any reason, the person subsequently is found not guilty of the charge that resulted in the person taking the chemical test or tests.

{¶ 21} Appellant's suspension was imposed under R.C. 4511.191(B)(1), because he refused to submit to a chemical breath test. The statute is clear that appellant's suspension, imposed under R.C. 4511.191(B)(1), would not be affected by dismissal of the OVI case.

10.

{¶ 22} Even, assuming arguendo, appellant's suspension had been imposed under R.C. 4511.191(C), for testing positive after submitting to the chemical breath test, his argument still fails. Because appellant's OVI case was dismissed prior to trial, there was no decision on the merits of the OVI. As stated by the court in *Hair*:

> * * * R.C. 4511.197(D) explicitly states that it requires a finding of 'not guilty' for the OVI before the AL imposed pursuant to R.C. 4511.191(C) may be terminated. Hair's OVI charge was dismissed without prejudice, so no finding of not guilty was made. Thus, R.C. 4511.197(D) did not provide a basis to terminate Hair's ALS.

*Hair*, 2020-Ohio-3128, ¶ 19. Likewise, in the instant case, Hair's OVI charge was dismissed without prejudice, so no finding of not guilty was made. Accordingly, R.C. 4511.197(D) did not provide a basis upon which to terminate Hair's ALS, and the trial court did not err when it refused to terminate appellant's ALS.

{¶ 23} For the foregoing reasons, appellant's first and fourth assignments of error are found not well-taken.

### The trial court failed to hold the required hearing on appellant's motion to seal the traffic cases.

{¶ 24} We next consider appellant's second and third assignments of error, challenging the trial court's failure to seal the record of his dismissed traffic counts. R.C. 2953.52, which governs applications to have records sealed, relevantly provides:

> (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint,

11.

indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

* * *

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the

date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

The requirement of a hearing in connection with an application to have records sealed, as set forth in R.C. 2953.52(B), is mandatory. *See State v. Gearhardt*, 2d Dist. Montgomery No. 28088, 2019-Ohio-39.

{¶ 25} In the instant case, there record is clear that no hearing was held in connection with appellant's application to seal the record of his dismissed traffic counts. Even the city of Toledo concedes that such a hearing should have been conducted. As a result of the trial court's failure to hold a mandatory hearing pursuant to R.C. 2952.52(B),

13.

the record, as it stands, does not support any decision on the merits of appellant's claims. Accordingly, appellant's second and third assignments of error are found well-taken. The judgment of the trial court with respect to the sealing of the records is reversed, and the matter is remanded for further proceedings consistent with this opinion. Appellant and appellee are ordered to divide the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed, in part, and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                   _____
JUDGE

Thomas J. Osowik, J.                  

_____

Myron C. Duhart, J.                       JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.