[Cite as *Toledo v. Hair*, 2023-Ohio-1415.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo                                    Court of Appeals No.  L-22-1122

    Appellee                                    Trial Court No.  TRC-18-17788

v.

Christopher Hair                              **DECISION AND JUDGMENT**

    Appellant                                    Decided:  April 28, 2023

* * * * *

Rebecca Facey, City of Toledo Chief Prosecuting Attorney, and
Jimmie L. Jones, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II., for appellant.

* * * * *

**DUHART, P.J.**

{¶ 1} Appellant, Christopher Hair, appeals from a March 18, 2022 judgment entered by the Toledo Municipal Court, denying his motion to seal the record in this case. For the reasons that follow, we affirm the judgment of the trial court.

**Statement of the Case and Relevant Facts**

**Trial Court Proceedings**

{¶ 2} On August 6, 2018, Hair was charged, in case No. TRC-18-1788, with OVI and with failure to reinstate his license. Appellant refused to submit to a breath test and, as a result, his license was placed under an ALS pursuant to R.C. 4511.191(B)(1).

{¶ 3} On February 4, 2020, the OVI charge was dismissed, and Hair entered a plea of no contest to the charge of failure to reinstate his license. Despite the OVI charge having been dismissed, the trial court ordered that the ALS would continue.

{¶ 4} On February 18, 2020, Hair, pro se, filed motion to seal the record in this case and to terminate the ALS. On April 15, 2020, Hair filed a subsequent motion, listing charges from previous traffic cases that he also wished to have sealed. Among the cases listed were case Nos. TRD-13-37604, TRD-15-18029, TRC-15-38331, and TRD-16-22309. In each case, the motion to seal was denied without a hearing.

{¶ 5} On July 23, 2020, the trial court denied Hair's motion to seal the record in case No. TRC-18-1788 without hearing. In a consolidated appeal filed on November 9, 2020, Hair appealed both the trial court's decision to continue the ALS and the trial court's decisions not to seal appellant's dismissed traffic offenses.

**Appeals Court Proceedings**

{¶ 6} On June 25, 2021, this court affirmed the trial court's continuation of the ALS in case No. TRC-18-1788, but reversed its denial of the motion to seal, holding that Hair was entitled to a hearing in all of the previous traffic cases. *See State v. Hair*, 6th

2.

Dist. Lucas No. L-20-1142, L-20-1143, L-20-1144, 2021-Ohio-2136, ¶ 25. The case was then remanded back to the trial court. *See id.*

**Proceedings Following Remand to the Trial Court**

{¶ 7} On December 14, 2021, the trial court, on remand, conducted a hearing on Hair's motion to seal charges in case No. TRC-18-1788. At the hearing, Hair, appeared pro se and, speaking on his own behalf, represented to the court that he is a sergeant in the army and that he began his service in 2007. He asserted, without elaboration, that sealing his records would benefit his military career. He further stated that sealing his records would be of use to him when, after he attends law school, he applies to take the bar exam. He explained that he had been accepted into law school at the University of Toledo but was deferring his enrollment due to a pending 400-day deployment to Kuwait.

{¶ 8} When the trial court asked Hair whether he had any pending criminal cases against him, he answered, "Currently, right now I do. * * * The pending charge is in – it's a Menacing charge in Common Pleas." He also admitted to having a "currently" pending OVI.

{¶ 9} Next, the trial court heard from the state. Arguing against the sealing of Hair's records, the state asserted that the public has a right to "observe how OVI cases are worked out in the state of Ohio," and that the availability of such information "keep[s] judges, prosecutors, and public servants accountable." The state further argued that there is no way to seal Hair's cases without also ordering the Bureau of Motor Vehicles to seal its records, and that such an order would hinder the Bureau's ability to

3.

properly enforce any future ALS suspensions that might be imposed against Hair. In making this argument, the state pointed out that, at the time of the hearing, Hair had four previous OVI allegations against him in the last ten years. Upon further questioning by the trial court, the state conceded that only one of the past OVI allegations led to a conviction, and that the conviction was for a reduced charge of reckless operation. Finally, the state addressed Hair's interest in having his record sealed, commenting that even if the record were sealed, Hair would still have to disclose the charges in connection with his bar exam character and fitness evaluation, thereby negating any claimed benefit.

{¶ 10} After hearing from Hair and from the state, the trial court took the matter under advisement.

### Trial Court Decision

{¶ 11} In a written decision, issued after the hearing, the trial court denied Hair's motion to seal on two grounds. First, the trial court found that the motion was not timely, because at the time Hair presented the motion, he had two criminal cases pending: (1) TRC-21-09669, which was an OVI case pending in the Toledo Municipal Court; and (2) CR-2020-01671, which was an "F4" pending in the Lucas County Court of Common Pleas. Second, the trial court concluded that "the Petitioners [sic] interests do not outweigh the State's interest in maintaining the records."

{¶ 12} It is from this decision that Hair currently appeals.

4.

## Assignment of Error

{¶ 13} Appellant raises the following assignment of error on appeal:

I. The trial court abused its discretion to the prejudice of appellant by denying his motion to seal his criminal record.

## Analysis

{¶ 14} Under R.C. 2953.52(A)(1), "[a]ny person * * * who is the defendant named in a dismissed complaint * * * may apply to the court for an order to seal the person's official records in the case." Upon the filing of an application, the court must set a date for the hearing and must notify the prosecutor. R.C. 2953.52(B)(1). The prosecutor may object to the granting of the application by filing with the court, prior to the date set for the hearing, an objection specifying the reasons that would justify a denial of the application *Id.* The court must then: (1) determine whether the complaint was dismissed with prejudice; (2) determine whether criminal proceedings are pending against the person; (3) consider the prosecutor's reasons for objection; and (4) weigh the interests of the person in having the records sealed against the government's legitimate needs, if any, to maintain those records. R.C. 2953.52(B)(2)(a)-(d). "If the court determines * * * that the complaint * * * was dismissed * * *; that no criminal proceedings are pending against the person; and [that] the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, * * * the court shall issue an order directing that all official records pertaining to

5.

the case be sealed and that * * * the proceedings be deemed not to have occurred." R.C. 2953.52(B)(4).

{¶ 15} "The sealing of a criminal record has been characterized as an 'act of grace created by the state.'" *State v. T.D.*, 6th Dist. Lucas No. L-20-1149, 2021-Ohio-513, ¶ 15, citing *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). The applicant has the burden to demonstrate that his interests in having the records sealed are equal to or greater than the government's interests in maintaining those records. *Id.*, citing *State v. Harrison*, 2018-Ohio-1724, 111 N.E.3d 845, ¶ 14 (2d Dist.). (Additional citation omitted.)

### Review

{¶ 16} In general, we review a trial court's decision regarding an application to seal records under an abuse of discretion standard. *Id.* at ¶ 16, citing *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). But where "'the dispute as to the sealing of records involves a purely legal question, our standard of review is de novo.'" *Id.*, citing *Floyd* at ¶ 4.

**The trial court did not err in finding that Hair had pending cases.**

{¶ 17} Disputing the trial court's initial finding that Hair was ineligible to have his record sealed because there were criminal proceedings pending against him in case Nos. TRC-21-09669 and CR-2020-01671, Hair points out that on June 16, 2022, he was found not guilty by a jury in case no. TRC-21-09669, and on June 28, 2022, he entered a plea to a misdemeanor criminal trespass in case no. CR-2020-01671. As indicated above, the

6.

hearing in this case took place on December 14, 2021, and the motion to seal was denied on March 18, 2022. Although, the written judgment entry is dated July 7, 2022, the record is clear that at the time of the hearing, and at the time the motion to seal was denied, both of the above-mentioned cases were still pending. Thus, the trial court did not abuse its discretion in concluding that Hair was ineligible to have his record sealed. *See State v. Webb*, 2d Dist. Montgomery No. 2012-Ohio-2962, ¶ 13 (court observed that there was no issue regarding other criminal charges, as there were none pending against the defendant "at the time of the hearing."); R.C. 2953.52(B)(4).

{¶ 18} In light of this conclusion, Hair's additional arguments are rendered moot. Hair's assignment of error is found not well-taken, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                           JUDGE

Gene A. Zmuda, J.            

                                _____
Myron C. Duhart,  P.J.                    JUDGE
CONCUR.

                                _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.